Firmeis vs. The State.

FIRMEIS vs. THE STATE.

*September 9 — September 23, 1884.*

CRIMINAL LAW AND PRACTICE. *(1, 2) Abandonment of children: Proof of marriage: Evidence of intent. (3, 4) Instructions to jury: Exceptions.*

1. In an action under ch. 200, Laws of 1882, it must be shown that the children abandoned are the legitimate children of the accused; but the marriage of the accused need not be proved by the certificate

of the person performing the ceremony nor by the record; and the fathership of the children may be admitted by the accused on the trial.

2. Evidence of the conduct of the accused toward his family after the time of the alleged abandonment is admissible to show his intent at that time.

3. Exceptions to the refusal of the court to give instructions asked must be taken at the trial, or they will be deemed to be waived.

4. An instruction which assumes facts of which there was no evidence may properly be refused on that ground.

ERROR to the Municipal Court of *Milwaukee* County.

The facts are sufficiently stated in the opinion.

*Adolf Herdegen*, for the plaintiff in error.

*H. W. Chynoweth*, Assistant Attorney General, for the defendant in error.

TAYLOR, J. The plaintiff in error was convicted in the municipal court of Milwaukee county upon an information charging him with wilfully and unlawfully abandoning and deserting his two infant children, and leaving them in a destitute condition. There is no question made by the learned counsel for the plaintiff in error as to the sufficiency of the information, and it undoubtedly charges an offense under the provisions of ch. 200, Laws of 1882. The statute reads as follows: "Section 1. If any father shall wilfully abandon his child or children, leaving them in destitute cir-·cumstances, such father shall be deemed guilty of a misdemeanor, and on conviction shall be punished as provided in section 4423 of the Revised Statutes; provided, that the wife shall be a competent witness in all such cases, as provided in this section, to testify for or against her husband."

From the final judgment entered in this action the defendant brings a writ of error to this court and assigns as error: (1) that on the whole evidence there was an entire failure to prove the charge in the information; and, (2) that the court erred in instructing the jury, and in refusing to give the instructions asked by the defendant at the trial.

The learned counsel claims that there was not sufficient evidence to show that the children alleged to have been abandoned were the legitimate children of the defendant. We think that the state was bound to show that the children abandoned were the legitimate children of the accused, and we also think the evidence upon that point was entirely sufficient. The wife testified that she and the accused were married by a minister of the gospel on a certain day and place in the city of Milwaukee, and that at least two of the children were born after the marriage, and were the children of the defendant; and the defendant himself testified that two of the children were his children. In order to justify a conviction under this statute we do not think it necessary that the marriage of the party charged with the offense must be proved by a certificate of the person performing the marriage, or by the record of the marriage. The defendant may, on the trial, admit his fathership of the children, as well as his marriage, and such admission will be sufficient proof of the same. As the accused may admit the entire charge against him by a plea of guilty, it would seem absurd to say that he may not, on the trial, admit any fact which it is necessary to prove in order to establish his guilt. We think the evidence was amply sufficient upon this point.

It is claimed by the plaintiff in error that, upon the whole evidence, there is no evidence to establish the fact of abandonment, nor, if he did abandon his children, that he left them in destitute circumstances. After a careful reading of the evidence we think there is not such a want of proof to establish both of or either of these allegations as would justify this court in setting aside the verdict of the jury. Upon the evidence given in the court below, and found in the bill of exceptions, we think the jury were justified in finding both the abandonment and the destitution.

The complaint was made against the accused some time

in July, 1883. An information was filed August 13, 1883, charging the abandonment on the 11th of July, 1883. The defendant was arrested some time in July, but was permitted to go upon his own recognizance, and the proceedings upon the information were continued. On the 5th of January, 1884, the defendant was arrested and brought into court, and again allowed to go upon his own recognizance, and a trial was had on January 22, 1884. Objection was made by the defendant on the trial to the admission of evidence as to what the conduct of the defendant towards his family was after the time he was charged with abandoning his children. We think the evidence was properly received as bearing upon the question of the intent of the defendant at the time he left his children to abandon them.

Exceptions were also taken to the instructions given to the jury by the court. The instructions were very brief, and we think fairly presented the only issues in the case to the jury, and that the court did not commit any errors in giving the same.

It is also claimed that the court erred in refusing to give an instruction asked by the defendant. The record does not show that any exception was taken on the trial to this refusal to give the instruction asked, and the only exception taken was afterwards, when the exceptions were filed to the general charge. In those exceptions we find the following: "*Ninth.* The defendant excepts to the court's giving the instructions asked for by the defendant." It is probable that this is a clerical error, and that it was intended to be an exception to the refusal of the court to give the instructions asked. So understanding it, the exception came too late. The statute has changed the common law rule that exceptions to the charge of the court upon the trial must be taken at the trial, and now permits such exceptions to be taken after the trial during the same term (see sec. 2869, R. S. 1878); but exceptions to the refusal of the court to in-

struct as requested by either party must still be taken at the trial, or they must be deemed to have been waived.

In looking into the merits of the instruction asked, we think it was properly excluded. The instruction asked the court to charge the jury as to the existence of a fact which was claimed to exist by the defendant, but of which there was no proof; and the judge declined to give the instruction, as he says, because it stated a proposition which was not according to the facts in the case. There being no proof showing that the matter stated in the instruction asked was according to the facts, and the court having given as a reason for refusing to give it that it was contrary to the fact, it was properly excluded for that reason alone.

*By the Court.*— The judgment of the municipal court is affirmed.