ADAMS, Respondent, vs. McKAY, Appellant.

*May 5 — June 1, 1885.*

*(1)* *Evidence: Leading question: Immaterial error.* *(2)* *Charge to jury to be reviewed as a whole.* *(3)* *Exceptions when to be taken.*

1. The question at issue being whether the defendant had extended the time agreed upon for the completion of sleds manufactured for him by the plaintiff, the allowance of a leading question as to whether the sleds remained outside nearly a week after they were completed before they were removed by the defendant, is *held* not to have prejudiced the defendant, the evidence being unimportant upon the issue.

2. In reviewing the charge to the jury it should be considered and construed as a whole, and not in detached parts or sentences.

3. Exceptions to the refusal of the court to give instructions asked, must be taken at the trial or will be deemed to be waived.

·APPEAL from the Circuit Court for *Portage* County.

Action to recover a balance alleged to be due upon a contract for the manufacture of five sets of logging sleds by the plaintiff for the defendant. The complaint alleges that the plaintiff contracted to have the sleds completed by the 1st day of December, 1880; that the same were completed on October 30, 1880, and were then accepted by the defendant, who then paid a part of the agreed price; that, afterwards, about November 25, the plaintiff sold three sets of said sleds to one Knox, with the consent of the defendant, and upon the agreement that he would manufacture three other sets in lieu of those sold to Knox, and have them completed by the 15th day of December; that the plaintiff manufactured said three sets of sleds, and had two of them completed by December 4, which were received and accepted by the defendant on December 6; that by agreement the time for the completion of the five sets was extended to December 19; and that on December 21 the sleds were received and accepted by the defendant.

The answer, besides a general denial, contains a counter-claim for damage and losses sustained by the defendant by reason of the plaintiff's failure to deliver the sleds on or before December 1, as agreed.

The evidence given on the trial, and the instructions to the jury, so far as they are material to the questions determined on this appeal, are stated in the opinion. There was a verdict for the plaintiff, and from the judgment entered thereon the defendant appealed.

The cause was submitted for the appellant on the brief of *Raymond & Haseltine*, and for the respondent on that of *Silverthorn, Hurley & Ryan*.

Cole, C. J. We are unable to perceive how the defendant could have been prejudiced by allowing the witness Kyle to answer the question put to him whether the sleds remained outside nearly a week after they were finished before they were removed by the defendant. The question was objected to as leading. The witness, however, answered that the third and fourth sets remained out there nearly a week, and added that the first five sets remained out there nearly a month, before Knox took his three sets away. This evidence was not at all material to the issues being tried. By the original contract the plaintiff admits the five sets of sleds were to be completed, ready for delivery at his shop, by the first of December, 1880. His contention is that the sleds were finished the last of October, when the defendant inspected and accepted them and paid $150 on the contract; that afterwards, in November, he sold Knox three sets of the sleds, with the knowledge and consent of the defendant, upon an agreement that he would manufacture three other sets of like structure and material, in lieu of those sold Knox, and have them completed, ready for delivery, by the middle of December. The defendant denies that there was any extension of the time for com-

pleting the contract, and claims that the sleds were to be finished, ready for delivery, by the first of December. There is no pretense that the plaintiff had the sleds ready for delivery at that time. The question litigated, therefore, was whether the defendant had agreed that the time for finishing the sleds should be extended. On that question the evidence of the witness was not important. The plaintiff was bound to show a valid excuse for failing to perform his contract as originally made. It is true, one question litigated was, what damage, if any, the defendant had sustained by reason of the delay in finishing the sleds by the first of December. But the question put to the witness had but little bearing upon that issue, and it was evidently not intended to refer to it. We therefore think the defendant was not prejudiced by the court overruling the objection to the question.

The other errors assigned for a reversal of the judgment relate to an exception to a portion of the charge; also to one taken to the refusal of the court to give an instruction, or instructions, asked on the part of the defendant. That portion of the charge specifically excepted to is the following: where the court told the jury that "the plaintiff is entitled to recover the amount you find due him for the delivery of these sleds and other articles, with interest from the time they were delivered." It is said this charge took from the jury every question in the case, and was equivalent to a direction to find for the plaintiff the amount claimed by him. But this is not a fair criticism upon the charge, for in the very next sentence the learned circuit judge added, "I mean, by saying the amount you find due him, that if you find that the defendant suffered damage, that you should take the amount of the damage out of the plaintiff's claim, and allow the plaintiff interest on the balance." It would be very unfair to take a detached sentence of the charge and found error upon it. The charge

should be considered together, and a fair construction given to it. If this is done, it will be seen that there is no error in it of which the defendant can complain.

We have referred already to the fact that the defendant claimed that the plaintiff had not performed his contract, and that he had sustained damages in his logging operations by reason of such non-performance. It was admitted that the five sets of sleds were not completed ready for delivery on the first of December. But the question was, Had the defendant waived a delivery at that time, and agreed to accept three sets of sleds if not finished until a later period in the month? That question was fully litigated on the trial, and the jury found in favor of the plaintiff on that issue. So the question as to the defendant's damages resulting from the failure of the plaintiff to have all the sleds ready for delivery according to the original contract, was fully gone into; and the court told the jury distinctly in another part of the charge that the plaintiff was entitled to recover the value of the manufactured articles, which he had made for and delivered to the defendant, unless the jury should find that such articles were not delivered pursuant to the contract and that in consequence of such non-delivery the defendant had sustained damages in his logging business. Also, if the jury should find that the defendant had sustained damages on account of such non-delivery, such damages should be deducted out of the plaintiff's claim. We do not think the jury could have been misled by the charge excepted to.

The defendant asked the court to give certain instructions bearing upon the particular items of damages which he was entitled to recover for failure on the part of the plaintiff to perform his contract. These instructions were refused, probably because the court considered its general charge sufficiently specific and full upon that point. It is by no means clear that it is not. Besides, the jury found against

the defendant on his claim for damages; so his instructions on that subject are of little importance. But there is a further answer to the objection based on the refusal of the court to give these instructions. The record does not show that any exception was taken on the trial to the refusal of the court to give the instructions. The only exception taken was afterwards, when exceptions were filed to the charge. The exception was too late. This precise point was so decided in *Firmeis v. State*, 61 Wis. 140, and requires no further comment.

The issues in this case seem to have been fairly submitted, under a proper charge, and we see no reason for setting aside the judgment. It is therefore affirmed.

*By the Court.*— Judgment affirmed.