Stuckey vs. Fritsche.

STUCKEY, Respondent, vs. FRITSCHE, Appellant.

*May 26 — September 23, 1890.*

| 77 | 329 |
|-----|------|
| 102 | 253 |

| 77 | 329 |
|-----|------|
| 116 | 4272 |

PARTNERSHIP: PLEADING: PRACTICE. (*1*) *Failure to deny partnership: Waiver of statutory presumption.* (*2*) *Assignment of claim: Who to bring action.* (*3*) *Reading portion of party's testimony.* (*4*) *Submitting case to jury without instructions.*

1. In an action upon contract the defendant alleged that the contract was made with the plaintiff and another person as partners. This allegation was not denied by affidavit, as required by sec. 4197, R. S. (which provides that if not so denied it shall be taken to be true), but the question of partnership was litigated on the trial without objection on the part of the defendant. *Held,* that this was a waiver on his part of the statutory presumption.

2. Under sec. 2605, R. S., providing that actions must be brought in the name of the real party in interest, a partner to whom his copartner has assigned a partnership claim must sue thereon in his own name.

3. A party who has testified in his own behalf cannot object to the reading of his cross-examination by counsel in the closing argument to the jury on the ground that it is not a fair statement of his testimony. His remedy is to insist that all his testimony be read.

4. Sec. 2853, S. & B. Ann. Stats., does not require the trial judge to instruct the jury in every case. And a party who does not ask that the jury be instructed either generally or specifically will be deemed to have assented to the submission of the case to the jury without instructions.

APPEAL from the Circuit Court for *Crawford* County.

The case is stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Webster & Miller*, and oral argument by *D. Webster*. To the point that, even in the absence of statutory provisions, it is the duty of the judge to give all necessary instructions to the jury, whether so requested by counsel or not, they cited *Owen v. Owen*, 22 Iowa, 270: *State v. Brainard*, 25 id. 572; Wells, Law & Fact, 288, sec. 336; *Potter v. C., R. I. & P. R. Co.* 46 Iowa, 399; *Dassler v. Wisley*, 32 Mo. 498.

For the respondent the cause was submitted on the brief of *Fuller & Ward*.

The following opinion was filed June 21, 1890.

TAYLOR, J. This action was commenced in justice's court to recover a balance alleged to be due from the defendant, *Fritsche*, to the plaintiff *Stuckey*, for drilling a well for the defendant. Plaintiff recovered in the justice's court, and *Fritsche* appealed to the circuit court. In that court the defendant filed an amended answer, denying the indebtedness, and setting up that the contract for drilling the well, and under which the plaintiff acted, was a contract made with the plaintiff and his brother, William Stuckey, as partners in business, and that by such contract they agreed to drill a well 300 feet deep unless they procured a flow of water at a less depth or unless the defendant directed them

to quit before going to such depth, plaintiff and his partner to have one dollar per foot for the depth drilled, not to exceed 300 feet; and alleges that after drilling the well about 130 feet, the plaintiff and his partner quit work without having procured a flow of water and without the consent of the defendant. On the trial in the circuit court the plaintiff recovered a verdict for $47.

The real contest on the trial of this case was whether there was a contract between the plaintiff and the defendant by which plaintiff agreed to drill the defendant a well 300 feet deep unless he procured a flow of water before reaching such depth or unless sooner discharged by the defendant. The plaintiff denied that the agreement was to drill to the depth of 300 feet or any particular depth. After a careful consideration of the evidence, we think there is a clear preponderance in favor of the agreement to drill 300 feet unless a flow of water was sooner obtained or unless the defendant consented for any reason to stop short of the 300 feet. The evidence shows that, after the plaintiff had drilled about 140 feet, his sand bucket stuck in the well, and it was difficult to get it out and continue the drilling. The evidence on the part of the plaintiff tends to show that at this time plaintiff had a talk about continuing the work further, and the probability of getting a flow of water was discussed between the parties, and that, in view of the doubt upon that point, the defendant consented that plaintiff should stop work upon the well until he could procure a survey of the locality in order to determine whether it was probable that a flow of water could be got at that place; that thereupon the plaintiff stopped work on the well, and the defendant, though requested to pay for the work done, had neglected to do so, and had neglected to procure a survey of the locality, as he said he would do, until after the commencement of this action. And there is no satisfactory evidence that the defendant, at any time before the com-

mencement of this action, directed the plaintiff to continue his work on said well until he reached the depth of 300 feet or any other particular depth, or until the plaintiff should procure a flowing well.

The first and second errors alleged are that the verdict is wholly unsupported by the evidence. We think there is no merit in these objections to the verdict. If the testimony of the plaintiff and his witnesses was believed by the jury, then the verdict is supported by their evidence. The weight of the testimony and the credibility of the witnesses were questions for the jury and not for the court. But it is in some way claimed that, because the defendant alleged in his answer that the contract was made, not with the plaintiff alone, but with the plaintiff and his brother William as partners, and as this allegation was not denied by affidavit, as required by the statute (see sec. 4197, R. S.), no verdict or judgment could be legally rendered in favor of the plaintiff alone. There are, we think, two sufficient answers to this contention:

*First.* The question of the partnership of the plaintiff with his brother William was litigated on the trial without objection on the part of the defendant, and he cannot now avail himself of any advantage given him by the statute. The fact that it was so litigated without objection gives plausibility to the statement of the learned counsel for the respondent that the partnership was in fact denied by affidavit as required by the statute, but that by some oversight the affidavit was not sent up as a part of the record. However that may be, the consent to litigate the question without objection was, we think, a waiver of the statutory presumption arising upon the pleadings. The clear preponderance of the evidence was, we think, in favor of the claim that there was no partnership.

*Second.* Had the evidence shown that there was a partnership contract as alleged in the answer, still the evidence

would sustain a verdict in favor of the plaintiff alone, from the fact that it was shown on the trial that any interest the plaintiff's brother William had in this contract, either as partner or otherwise, had been transferred to the plaintiff before this action was commenced. We are not aware of any rule of law which prevents one partner from assigning to his copartner his interest in any particular debt due such partners; and under our Code of Procedure, when such claim is so assigned, the individual partner may, and in fact must, sue upon it in his own name. See sec. 2605, R. S.

Many objections and exceptions were taken to the introduction of evidence on the part of the plaintiff, as well as to the rejection of evidence offered on the part of the defendant. After a careful reading of all the evidence in the case, we are of the opinion that the rulings of the court upon the several objections and offers were not erroneous. Most of the exceptions and objections related to matters which might tend to prove a partnership between the plaintiff and his brother William, and, as we have said above, this matter of partnership was wholly immaterial, except in so far as it had a bearing upon the question of how far the declarations of William were admissible as evidence in favor of the defendant. After reading the evidence, we do not find that any material declarations or statements made by William in regard to the transaction were rejected by the court.

Objections and exceptions were made to remarks made by the trial judge during the progress of the trial. These remarks, as they appear in the record, do not present such a violation of propriety on the part of the learned judge as would authorize this court to declare them errors of so grave a character as to justify a reversal of the judgment.

It is also objected that the plaintiff's counsel was permitted to read to the jury in his closing argument, from the minutes of the reporter, the cross-examination of the de-

fendant as a witness in his own behalf. We do not think this was error. If the defendant was of the opinion that the evidence brought out on his cross-examination was not a fair statement of what he in fact testified to on the trial, his remedy was not by objecting to the use of his cross-examination in the argument of the plaintiff to the jury, but he should have insisted, if he so desired, that all his evidence should be so read to the jury. This he did not ask to have done.

After the counsel had argued the case to the jury, the learned circuit judge gave no charge or instructions to the jury, but made the following remark: "I have no charge to give you, gentlemen. Conduct the jury to their room." No exception was taken at the time by the learned counsel for the defendant to the declination of the learned judge to instruct the jury; neither did he request the judge to instruct them generally, nor request that any specific instruction should be given to them. On making a motion for a new trial, the learned counsel for the defendant assigns this as a reason for granting the same, in the following language, as his ninth reason: "The court erred in not instructing the jury in the law applicable to the case." The learned counsel for the appellant claims that it is the duty of the trial judge to instruct the jury in every case upon the law of the case, whether requested to do so or not; and he cites sec. 2853, S. & B. Ann. Stats.,[1] as imposing such duty upon the trial judge. We are clearly of the opinion that this section was enacted for the purpose of requiring

[1] Sec. 2853, S. & B. Ann. Stats., provides: "Upon the trial of every action, the judge presiding shall, before giving the same to the jury, reduce to writing and give as written his charge and instructions to the jury, and all further and particular instructions given them when they shall return after having once retired to deliberate, unless a written charge be waived by counsel at the commencement of the trial; and except that the charge or instructions may be delivered orally when taken down by the official phonographic reporter of the court. . . ."— Rep.

the instructions, when given, to be given in *writing*, unless the giving of them in writing was waived by the parties, and was not enacted for the purpose of making it the duty of the trial judge to instruct the jury in any and every case. This was so held by this court in *Hepler v. State*, 58 Wis. 46, 49. The same rule is adopted in New York. *Haupt v. Pohlmann*, 1 Rob. (N. Y.), 121; *Graser v. Stellwagen*, 25 N. Y. 315. It was also held that an exception for a refusal to instruct the jury as requested by the counsel must be taken on the trial in order to be available to the party complaining of such refusal. *Murphy v. Martin*, 58 Wis. 276; *Collins v. Shannon*, 67 Wis. 441; *Firmeis v. State*, 61 Wis. 140; *Adams v. McKay*, 63 Wis. 404, 408; *Gardner v. Gooch*, 48 Me. 487. We think it very clear that the defendant waived any right to insist upon the trial judge instructing the jury, by not taking exception to his declining to give instructions. Had he desired the judge to instruct the jury, he should have either made a general request that the judge instruct the jury upon the law of the case, or have offered specific instructions and requested the judge to give the same to the jury. Having done neither in this case, he must be deemed to have assented to submitting the case to the jury without instructions.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied September 23, 1890.