Little vs. Town of Iron River.

LITTLE, Respondent, vs. TOWN OF IRON RIVER, Appellant.

*January 31 — February 21, 1899.*

Highways: Injuries from defect: Notice: Evidence: Instructions to jury: Exceptions.

1. In an action against a town for personal injuries alleged to have been caused by a defective highway, it was error to permit a witness, who stated that he had met with an accident at the same place some little time before plaintiff's accident, to testify that he had talked about it in the town, for the purpose of showing that the town board was chargeable with notice of the defect; but when it appeared on his cross-examination that one of the persons with whom he had talked was a member of the board the error became immaterial.

2. In such action a statement in the charge to the jury that there was no question, under the evidence, but that there was a depression or hole, and an accumulation of bark near it, in the highway, was proper where the only testimony on the subject was that of five witnesses for plaintiff and one for defendant who testified to the

fact as stated, and that of two witnesses for defendant who testi-
fied to an accumulation of bark but did not notice a hole.
3. Exceptions to the refusal to give instructions requested must be
taken on the trial.

APPEAL from a judgment of the circuit court for Bayfield
county: JOHN K. PARISH, Circuit Judge.   *Affirmed*.

The plaintiff brings this action to recover damages for an
injury claimed to have been sustained by him by reason of
the defective condition of a certain highway in the defend-
ant town.   The trial of the action resulted in a verdict for
plaintiff.   The defendant appeals from the judgment entered
thereon, alleging certain errors in the reception and exclu-
sion of evidence and in the charge of the court.

For the appellant there was a brief by *T. B. Walsh* and
*M. E. Dillon*, and oral argument by *Mr. Dillon*.

For the respondent there was a brief by *Cate, Sanborn,
Lamoreux & Park*, and oral argument by *B. B. Park*.

BARDEEN, J.   The only reasons urged why this judgment
should not stand are that the court admitted improper testi-
mony and erred in the charge to the jury. · The only assign-
ment of error as to the reception of evidence, worthy of
special notice, arises upon this state of facts: A witness,
John Flak, was allowed to testify, without objection, that
he met with an accident at the place where plaintiff was in-
jured, some little time before plaintiff's accident.   He was
then asked this question, "Did you tell anyone about it at
Iron River?"   The objection was made that it was incom-
petent, irrelevant, and immaterial, unless he talked about it
to the town board.   In ruling thereon the court used this
language: "Well, the fact that he talked about it generally
is a circumstance tending to show that the board might have
found it out."   The question was answered in the affirma-
tive.   The ruling of the court was palpable error, and would
have required a reversal of this judgment, had it not devel-

oped, on cross-examination, that one of the persons with whom the witness talked was a Mr. Lund, one of the members of the town board. Lund was not sworn as a witness, and the fact that the town had notice of the defective condition of the highway does not seem to have been seriously controverted on the trial. True, the defendant denied the existence of an actionable defect in the highway, but whatever its condition was appears to have been known to the town authorities.

In the course of his charge, the court made use of the following language: "There is no question, under the evidence, but there was a depression or hole, and an accumulation of bark near it, in the highway." This statement was made while instructing the jury with reference to a question in the special verdict, as to whether the highway was maintained in a reasonably safe condition for travel. An examination of the testimony reveals the fact that the court was amply justified in the statement. Five witnesses for plaintiff and one for defendant testify to the existence of the hole or depression and of an accumulation of bark at the point in controversy. Two witnesses for defendant testify to the accumulation of bark at that place, but did not notice a hole. This is all the testimony on this subject, and it can hardly be said to raise an issue as to the existence of a hole or depression at the place of the accident. The court left it to the jury to determine whether the condition testified to rendered the highway unsafe and defective. Upon this issue the verdict was against the town, and cannot be questioned on this appeal.

Exceptions were taken to the refusal of the court to give certain instructions requested by the defendant, but the record shows that such exceptions were not taken on the trial, but were filed after the trial, when exceptions were filed to the charge. The exceptions were too late. It has long been the rule that exceptions to the refusal to charge must be

taken on the trial, and usually before the jury retires.  *Firmeis v. State,* 61 Wis. 140; *Adams v. McKay,* 63 Wis. 404; *Stuckey v. Fritsche,* 77 Wis. 329; *Thrasher v. Postel,* 79 Wis. 503.

*By the Court.*— The judgment of the circuit court is affirmed.