(Nos. 957, 958, 959, 960, 961, 962, 963, 964, 965, Consolidated.)
(September 1, 1905.

## THE PALATINE INSURACNE CO., L't'd of Manchester, England, et al., Plaintiffs in Error, v. THE SANTA FE MERCANTILE CO., et al.

### SYLLABUS.

1. EVIDENCE—HEARSAY.

In an action on a fire policy, in which defendant claimed that plaintiff had caused the fire, and plaintiff attempted to discredit one of defendants' witnesses by showing that he had sought out a detective employed by defendant and made certain statements to him with a view to obtaining a reward, a question to this witness as to whether the matters he told the detective were common talk about the town after the fire, was both irrelevant and called for hearsay.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, Sec. 1175.]

2. APPEAL—ADMITTED FACTS—HARMLESS ERROR.

Where certain evidence is admitted without objection, and is uncontradicted, the exclusion of other evidence to the same effect is harmless.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, Secs. 4194-4199.]

3. SAME.

Where, in an action on a fire policy, plaintiff admitted that no attempt was made to remove certain of the goods at a time when they could have been removed, the exclusion of evidence as to the feasibility of removing these goods before the fire reached them was harmless.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, Secs. 4194-4199.]

4. SECONDARY EVIDENCE.

In an action on a fire policy, evidence of the contents of a printed offer, of reward for the apprehension and conviction of the person who set the fire was not admissible, in the absence of any showing as to why the original offer was not produced.

5. INSURANCE—ACTION ON POLICY—FRAUD—EVIDENCE.

In an action on a fire policy, in which defendant claimed that plaintiff caused the fire, evidence that the president and manager of the plaintiff corporation had, some 2½ years before, told his, then partner, that they could never get out of their financial difficulties and had better put several thousand dollars more insurance on their goods, and that thereafter plaintiff's president bought his partner's interest, after which, and about 1½ years before the fire causing the loss on which the suit was founded, the goods of the former partnership were destroyed by fire, was irrelevant.

6. TRIAL—EXCLUSION OF EVIDENCE—OBJECT OF QUESTION.

In an action on a fire policy, plaintiff introduced evidence that certain witnesses, who had testified for defendant to having seen plaintiff's president and general manager set the fire, had been at a dance and were so drunk that they were not allowed to dance. Thereafter defendant asked a witness if he had seen these persons at the dance, and stated that the purpose of the question was to rebut the evidence of the witnesses who had testified as to the drunkenness of defendants' witnesses, but did not state that it was proposed to show by the witness on the stand that he had seen the other witnesses referred to and that they were not drunk.

Insurance Co. v. Mercantile Co.

Held,' that the statement as to the object of the testimony was not sufficient to show that it had any relevancy, and hence its exclusion was not error.

7. DEPOSITIONS—OBJECTION      TO      PROCEEDINGS—
        WAIVER.

Where a party files cross-interrogatories and participates ·in the taking of a deposition, he thereby waives objection to the commission under which the deposition was taken.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Depositions, Secs. 331, 332.]

8. INSURANCE—ACTION ON POLICY—VALUE OF PROP-
        ERTY.

In an action on a fire policy, in which defendants' claimed that plaintiff's president and general manager set the fire, and introduced evidence as to plaintiff's financial condition, evidence by plaintiff as to the value of its assets at the time of the fire was admissible to rebut the presumption of fraud.

9. WITNESS—CROSS-EXAMINATION.

Testimony elicited in cross-examination for the purpose merely of testing the witness' sincerity and honesty is not objectionable.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, Secs. 1104, 1105.]

10. TRIAL—BURDEN OF PROOF—RIGHT TO OPEN AND
        CLOSE.

Under Comp. Laws 1897, Sec. 2990, providing that the right to open and close belongs to the party against whom judgment would be rendered if no evidence were introduced, the admission of facts by defendant during the progress of the trial does not shift the burden of proof.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, Secs. 47, 50, 51.]

11. CORPORATIONS—EXISTENCE—ESTOPPEL.

One dealing with a corporation as such is estopped to deny its legal existence.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, Sec. 84.]

12. PARTIES—WANT OF INTEREST IN PLAINTIFF—
OBJECTIONS.

The objection that plaintiff is not the real party in interest must be raised by demurrer or answer.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, Sec. 118.]

13. TRIAL—INCOMPLETE INSTRUCTIONS.

Under Comp. Laws 1897, Sec. 2685, subsec. 128, the court is under no obligation to instruct the jury, unless requested so to do; and hence the fact that an instruction is insufficient is not available error, unless a sufficient instruction was requested.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, Secs. 627, 629.]

Error to district court of San Miguel county, change of venue from Santa Fe county, before WILLIAM J. MILLS, Chief Justice. Affirmed.

W. B. CHILDERS, and N. B. LAUGHLIN, for plaintiffs in error.

The declarations and conduct of third persons at the very time of the accident or injury which they witness are admissible.

> Jones on Evidence, Secs. 874-875-876;
> Galena & Co. R. R. Co. v. Fay, 63 Am. Dec.
> 324, 16 Ill. 558; State v. Walker, 78 Mo. 380;
> Kleiber v. Peoples Ry. Co., 107 Mo. 240.

A party producing a witness may interrogate such witness in respect to previous statements inconsistent with the present testimony, for the purpose of probing his recollection.

> 3 Jones on Evidence, Sec. 858 and note
> 7; 1 Greenleaf on Evidence, Sec. 444 and note.

Opinion evidence as to whether or not the insured used reasonable diligence at and after the fire to protect and save the property may be used.

> 2nd Jones on Evidence, Sec. 362; Taylor
> v. Town of Monroe, 43 Conn. 66; Jessup v.
> Osceola County, 92 Iowa, 178; 60 N. W. 485;

Insurance Co. v. Mercantile Co.

> Baltimore & Co. v. Cassell, 66 Md. 419; 7 Atl.
> 805; Brink v. Ins. Co. 49 Vt. 442; Colo. M.
> & I. Co. v. Ries; 21 Colo. 435, 42 Pac. 42.

On the charge of burning a house for the insurance money, it is relevant to show that the accused had previously lived in several houses in which fires occurred, for which he received insurance money.

> 1 Jones on Evidence, Sec. 143-146; 3 R.
> v. Gray, 4 Frost & F. 1102; N. Y. M. Life
> Ins. Co. v. Armstrong, 117 U. S. 598; Butler
> v. Watkins, 13 Wall. 456; U. S. v. Fleming,
> 18 Fed. 911; Continental Ins. Co. v. Ins.
> Co. 51 U. S. 838; West Florida v. Studebaker,
> 37 Fla. 36, 19 Southern 197; Cook v. Perry,
> 43 Mich. 627; 15 N. W. Rep. 1057; Wilkinson v. Dodd, 42 N. J. Eq. 249; 9 Atl. 234;
> Piedmont Bank v. Hatcher, 94 Vt. 231; 20
> S. E. 506; Seedom v. Furniture Co. 12 Utah,
> 179; 42 Pac. 209.

As to the refusal of the court to suppress the deposition of Mathew Raynolds.

> Comp. Laws of New Mexico for 1897,
> Sec. 3037.

An order of a court changing the venue of a cause, removes it from the jurisdiction of that court.

> Am. & Eng. Ency. (1 Ed.) 105; 4 Ency.
> Pl. & Pr. 487; 6 Ency. Pl. & Pr. 489.

In the argument, the party having the burden of the issue, shall have the benefit of closing.

> 1 Thompson on Trials, Secs. 221, 223, and
> 228.

The requirement that the articles of incorporation be filed in the recorder's office is held to be a condition precedent, and the question cannot be collaterally raised.

> 1 Thomp. on Corporations, Secs.
> 226, 227 and 239; Attorney General v. Hanchett, 42 Mich. 436; Heinz v. Adams, etc.,
> Mfg. Co. 81 Ky. 300; Abbott v. Omaha Smelt.
> Co. 4 Neb. 416.

As to de facto corporations.

> Jones v. Aspen Hard Co. 21 Colo.; 40

Pac. 457; Dawson v. McCleary, 87 Tex. 24; 29 S. W. 1044.

It was not necessary that the assignment of the right of the assured should be attested by a stamp.

Cassidy v. St. Germaine, 46 Atl. 35; Wingert v. Zeigler, 46 Atl. 1074; see also Carpenter v. Snelling, 97 Mass. 452; Green v. Holoway, 101 Mass. 243; Moore v. Quirk, 105 Mass. 49; Campbell v. Wilcox, 10 Wall. 161; Bernard v. Maryland Fire Ins. Co. 14 Blach. 434; 3 Fed. cases No. 1321; Spratley v. Hartford Ins. Co.; 1 Dillon, 302; 22 Fed. cases No. 13256; 13 Am. & Eng. Ency. (2nd Ed.) 201.

It is the duty of the court to determine what are the issues, and to state them to the jury, and it is error to refer them to the pleadings to determine the issues in whole or in part.

2 Thompson on Trials, Sec. 2314; Bryan v. Chicago, etc., Ry Co., 63 Iowa 764; Fitz-gerald v. McCarthy, 55 Iowa 762; Porter v. Knight, 63 Iowa, 365; Dassler v. Wisley, 32 Mo. 498; Bradshaw v. Mayfield, 24 Tex. 481.

As to the burden of proof, see

1 Jones on Evidence, Secs. 177 & 195.

A. B. RENEHAN, CATRON & GORTNER, and CHAS. A. SPIESS, for defendant in error, EUGENE A. FISKE, of counsel.

Testimony of witnesses Brozier and Lacome was properly excluded as not being a part of the res-gestae.

Insurance Co. v. Mosley, 8 Wall. 409; Beaver v. Taylor, 1 Wall. 637; 6 Rose's Notes 352; Mima Queen v. Hepburn, 7 Cranch. 295; Hopt. v. Wah. 110 U. S. 581; 3 Jones on Evidence, Sec. 899.

Where the same facts are proved by the objecting party, the improper exclusion of equivalent testimony, if error, is harmless.

Doll v. People, 145 Ill. 263, at bottom; 3 Cent. Dig. Secs. 4194-97.

Insurance Co. v. Mercantile Co.

It is not error to exclude the contents of a paper, although material where no attempt has been made to procure it, and inability to do so has not been shown.

> Lombardo v. Ferguson, 15 Cal. 372; Farmers and Mechanics Bank v. Chapman, etc. Co. 23 Vt. 186; Dunning v. Rankin, 19 Cal. 640.

Where fraud in the sale or purchase of property is in issue, evidence of other frauds of like character committed by the same parties at or near the same time is admissible.

> Bank v. Hatcher, 94 Va. 231.

Jurisdiction is not vested in the court to which the venue is changed, until the deposit with the clerk of original papers and the transcript.

> Servatius v. Pickle, 30 Wis. 510; Ball v. State, 48 Ark. 1064; People v. Zane, 105 Ill. 762; Atlantic Coal Co. v. Maryland Coal Co., 64 Md. 302; App. v. State, 90 Ind. 73; Swepson v. Call, 13 Fla. 338; Dial v. Olson, 36 Pac. 175.

Such is the rule in Indiana.

> Johnson v. State, 11 Ind. 481; Rogers v. Stevens, 8 Ind. 464; Gower v. Howe, 20 Ind. 396; Railway Co. v. Wright, 68 Ind. 586; Cooper v. The Arctic Ditches, 56 Ind. 233; Railway Co. v. Grubb, 88 Ind. 85; Snider v. Bonnell, 64 Ind. 403; Singerman v. State, 23 Ind. 326; Dooley v. Martin, 28 Ind. 189.

If the opposite party submits cross interrogatories as in this case, he joins in the deposition and makes it his, and thereby waives defects.

> Ryan v. People, 40 Pac. 775; Beahane v. Purdy, 48 Wis. 99; Bibb v. Allen, 149 U. S. 481; Shutte v. Thompson, 15 Wall. 158.

The objection to the introduction in evidence of Mr. Raynolds' deposition went to the manner of taking it.

> Panska v. Dans, 31 Tex. 72; Missouri Pac. Ry. Co. v. Smith, 84 Tex. 350.

But objection to the form of the commission and to the manner of taking the deposition, must be made be-

fore the trial is begun or they will be considered as waived.

> Howard v. Stillwell, etc., 139 U. S. 199; Doane v. Glenn, 21 Wall. 33; Ash v. Marlow, 20 O. St. 119; 3 Jones on Evidence, 899; Romero v. Desmarais, 5 N. M. 142.

The erroneous reception of cumulative evidence is harmless where the facts proven are otherwise legally shown.

> Cooper v. Coates, 21 Wall. 111; Chase v. Caryl. (N. J. L.); 31 Atl. 1024; McLendon v. Frost, 57 Ga. 444; 3 Cent. Dig. 4161; Indianapolis Ry. Co. v. Anthony, 43 Ind. 195; 3 Jones on Evidence, 899; Jones v. Love, 9 Cal. 68; Treadaway v. Richards, 92 Ga. 264; Perkins v. Johnson, 19 Pa. St. 510.

Objections to the deposition on the ground of incompetency of the commissioner to act as such, should be taken and reserved at the time of filing cross interrogations. It is too late at the trial.

> Rich v. Lambert, 53 U. S. 347; Shutte v. Thompson, 15 Wall. 158; Colgin v. Redman, 30 Ala. 650; Edmunds v. Griffin, 41 N. H. 529; Davidson v. West Oxford, etc., 118 N. C. 368; Scott v. Barber, 13 Ala. 182; Potter v. Barclay, 15 Ala. 439; Jordan v. Jordan, 17 Ala. 446; Sewell v. Gardner, 48 Md. 178; Whicher v. Whicher, 11 N. H. 348; Newton v. Porter, 69 N. Y. 133; Bracken v. Neill, 15 Tex. 109; Crother v. Rolandson, 27 Cal. 376; 3 Jones on Evidence, 690.

And so with reference to competency of witnesses.

> Hudson v. Crow, 26 Ala. 515; Hair v. Little, 28 Ala. 236; Hasey v. Pigeon Beet Sugar Co. 1 Doug. 193; Mohawk Bank v. Atwater, 3 Paige 54; Town v. Needham, 3 Paige, 545, 24 Am. Dec. 246.

"In the argument the party having the burden of the issue, shall have the opening and closing."

> Comp. Laws N. M. 1897, Sec. 2990; Lancaster v. Collins, 115 U. S. 222.

Insurance Co. v. Mercantile Co.

It was not erroneous to admit in evidence the articles of incorporation of the Santa Fe Mercantile Company, because the defendant below in its answer admits the corporate capacity of the plaintiff as alleged.

> Andes v. Ely, 158 U. S. 322; Commissioners v. Bolles, 94 U. S. 104; 2nd Thompson on corporations, Sec. 1853 & Ca. Ci.; 4 id. Sec. 5275 & Ca. Ci.; 6 id. 7647 & Ca. Ci.; 5 Ency. Pl. & Pr. pp. 87 and 88 & Ca. Ci.; 1 Rapalje & L. Law Dict. p. 650; Bashford-Burmister Co. v. Agua Fria Co. (Ariz.) 35 Pac. 983; Carver Merc. Co. v. Hulme, 7 Mont. 566; Wells v. N. Pac. Ry. Co. 23 Fed. Fed. 469.

The objection that the plaintiff is not the real party in interest must be raised by demurrer or answer.

> Mercantile Bank v. Gilpin, 105 Mo. 21; Loan & Trust Co. v. Brown, 59 Mo. App. 466; Wolf v. Berning, 74 Mo. 99; Spooner v. Delaware, etc., Ry. Co., 115 N. Y. 30; State v. Sappington, 68 Mo. 457; Wallman v. Norton, 49 Pac. 283; 1 McQuillin's Pl. & Pr. Sec. 360; Estes Pleading, Sec. 423.

Assignees of claims for collection may sue in their own names.

> Curtis v. Sprague, 51 Cal. 239; Hays v. Hathorn, 74 N. Y. 486.

A statute borrowed from another state takes with it the decisions of the highest courts of the state from which it was borrowed.

> Armijo v. Armijo, 4 N. M. 65; Willis v. Trust Co. 169 U. S. 295; Cathcart v. Robinson, 5 Pet. 264; McDonald v. Hovey, 110 U. S. 619; Metropolitan I. Co. v. Moore, 121 U. S. 558; Brown v. Walker, 161 U. S. 591.

The court is not bound, in civil actions, to instruct upon propositions of law unless requested at the time by the parties or their counsel.

> Tetherow v. St. Joseph, etc., Ry. Co. 98 Mo. 85; Hunter v. McEihaney, 48 Mo. App. 234; Coleman v. Drane, 22 S. W. 801; Si-

monds v. Oliver, 23 Mo. 33; De Laureal v. Kemper, 9 Mo. App. 77.

If counsel have not tendered, in the trial court, such instructions as they deem pertinent, it is not reversible error if such instructions are not given by the court on its motion.

Territory v. Gonzales, 68 Pac. 913 and Ca. Ci.; U. S. v. De Amador, 6 N. M. 178; Territory v. O'Donnell, 4 N. M. 196.

The New York courts under a similar statute hold to the same rule.

Haupt v. Pohlman, 16 Abb. 301; Parsons v. Brown, 15 Barb. 590; Grazier v. Stillwagen, 25 N. Y. 316; Atlantic Dock Co. v. City, 3 Keys, 444; Abbott's Dec. 24; S. C. 3 Trans. App. 305; Fisher v. Monroe, 12 N. Y. Sup. 276.

Other states do likewise.

Kennedy v. Roberts, 75 N. W. 363; Missouri etc. Ry. Co. v. Witherspoon, 45 S. W. 424 (Tex.); Walker v. Pittman, 46 S. W. 117; Denver Tramway Co. v. Crumbaugh, 48 Pac. 503; Long v. Southern Ry. Co. 27 S. E. 531; Lindheim v. Days, 31 N. Y. Sup. 870; Texas etc., Ry. Co. v. Robinson, 4 Tex., Civ. App. 121; Lucck v. Heisler, 58 N. W. 1101, (Wis.); State Bank v. Bennett, 36 N. E. 551; Weinburg v. Somps, 33 Pac. 341; Mills v. Haas, 27 S. W. 263; Wilkinson v. Johnson, 83 Tex. 395; Ronsheim v. Brimberry, 89 Ga. 97; Durant v. Durant, 14 S. E. 929; Ry. Co. v. Wynn, 88 Tenn. 320; Mackey v. Briggs, 26 Pac. 131.

Even if the court ignored an issue of fact in his charge, the error is harmless, when it appears that substantial justice has been done.

Rodey v. Travelers Ins. Co. 3 N. M. 543; Early v. Valley Mut. Life Assn., 21 S. E. 235; Liberty Ins. Co. v. Ehrlich, 42 Neb. 553; Ry. Co. v. Corley, 29 S. W. 231; Ry. Co. v. Neill, 30 S. W. 369; Williams v. John Davis Co. 54

Ill. App. 198; Crawford. v. Armstrong, 58 Mo. App. 214; St. Louis, etc., R. Co. v. Holman, 53 Ill. App. 617, 155 Ill. 21; Stratton v. Dole, 63 N. W. 875; Robinson v. Hyer, 17 So. 745; Turner v. Ft. Worth, etc., Ry. Co. 30 S. W. 253; Long Bros. v. Bolen Coal Co. 56 Mo. App. 605.

## OPINION OF THE COURT.

PARKER, J.—Defendant in error, plaintiff below, suffered a loss by fire in the city of Santa Fe. It was insured by, the several plaintiffs in error and in due time the extent of the loss was adjusted by representatives of the several insurance companies. Plaintiffs in error failing to pay the loss, defendant in error brought suit in the county of Santa Fe against the several plaintiffs in error to recover the same. Thereafter the causes were consolidated and the venue changed to San Miguel county. Trial was had resulting in a verdict and judgment for defendant in error. Thereupon plaintiffs in error bring the cause here.

Defendants below complain of the exclusion by the court of the question: "State whether or not it was common talk in Santa Fe, after the fire, about what you and these other boys had seen that night." The witness had been asked on cross-examination as to his connection with a detective or representative of the insurance companies who was investigatnig the origin of the fire with a view to establishing its incendiary character, and whether or not he had sought out this representative and offered his testimony and assistance to obtain other evidence in defendant's favor, in view of a certain reward offered by or in the interest of defendants, all as reflecting on the witness' credibility. He denied all knowledge of the reward and denied that he had sought the detective, and admitted he had communicated his knowledge of the facts. Then the above question was asked in rebuttal and excluded. The ultimate question was as to the bias or interest and consequent credibility of the witness; the evidentiary fact in support thereof was that the witness had sought the detective, or had been sought

by him.  The witness denied that he had so sought the detective and in support of his denial the foregoing question was asked.

The most that can be said for this proposed proof is that it tended to establish a source of information upon which the detective may or may not have acted.  Whether the detective knew of the rumor and did or did not act upon it, is left as a matter of mere conjecture.  The proof, therefore, is not logically or legally relevant to the fact sought to be established, and was properly excluded.  It is also hearsay and does not fall within the exception permitting hearsay in matters of a public and general interest.

A witness for defendants below testified that another witness, both bystanders, had cried out at the beginning of the fire: "Look the ————— is trying to get out of the store."  He referred to a supposed person within the building, believed to be setting the same on fire.  The fact of the outcry being made by this bystander went unchallenged by the plaintiffs below throughout the trial.  This renders it unnecessary to discuss the admissibility of exclamations of bystanders and the proper limitation upon the same, and renders harmless, even if erroneous, the ruling of the court in excluding other proof of such exclamations.

The president of the plaintiff corporation testified, as other witnesses had, that the fire started in a rear room of the store called the Millinery Room; that in his judgment it was not necessary or proper to remove the goods from the front part of the store at that time, believing the fire could be kept within the millinery room, and that he, consequently, made no attempt to remove the goods; that afterwards when the so-called second fire broke out in the front part of the store it was so fierce as to prevent the removal and none was attempted.  This was an admission that at the time when the goods could have been removed the plaintiff made no attempt to do so for reasons satisfactory to it.  This admission renders harmless the exclusion of the proof offered as to the feasibilty of the removal of the goods in the front part of the store before the fire reached them.

Defendants below offered in proof the contents of a printed and posted offer of reward for the apprehension and conviction of the person who set fire to the store, which offer was excluded as not the best evidence. The notice was defendant's notice and no fact was offered to show why an original of the same could not be produced. This rendered secondary evidence of its contents incompetent and the proof was properly excluded.

Defendants below offered to prove on cross-examination of one Gusdorf, the president and manager of the plaintiff corporation, that in 1897 he stated to one Dolan, his then partner, that they could never get out of their then financial difficulties and they had better put several thousand dollars more insurance on their stock of goods; that thereafter Dolan sold out his interest in the business to Gusdorf and thereafter in December, 1898, the goods were destroyed by fire; and by the witness Akers, that at the time of said fire Gusdorf was engaged in a game of cards, as he also was on the occasion of the fire in question in this case. The proof was excluded as too remote and irrelevant. This raises the question as to how far the proof of other fraudulent or criminal acts of a person may be shown, within the limits of relevancy, as tending to establish the principal fact charged against him.

It is of course generally inadmissible to prove the commission of a similar but distinct crime, for the purpose of raising the inference that the accused committed the act charged. But where such evidence tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other or tends to identify the persons charged, it becomes admissible for such purpose. If the proof offered in this case be admissible it must be because it tends to establish a common plan or scheme to commit frauds upon the insurance companies. It is to be noticed that the alleged conversation with Dolan occurred two and one-half years, after the former fire one and one-half years, before the fire in question; that no proof was tendered that the

former fire was in fact incendiary in character, or that
the proposed increased insurance was in excess of the in-
surable value of the goods.   How then can it be said
that · those extraneous facts tend to establish a general
plan or scheme to defraud the insurance companies? The
transactions were entirely separate in time, place and cir-
cumstances.   The proof of the incendiary character of the
former fire, entirely lacking here, would in no way tend
t show the fire in question here was a part of the plain-
tiff's scheme or plan at that time.   It might show a vicious
disposition on the part of Gusdorf, but this is not admis-
sible in proof of guilt.   "There must appear between the
extraneous crimes offered in evidence and the crimes of
which defendant is accused some real connection beyond
the allegation that they have both sprung from the same
vicious disposition."   State v. Raymond, 53 N. J. L. 260.;
see also Mutual Life Ins. Co. v. Armstrong, 117 U. S.
591; Bank v. Hatcher, 94 Va. 231; People v. Molineux
160 N. Y. 264; 62 L. R. A. 193, and note; State v. Gra-
ham 121 N. C. 623; Com. v. Bradford, 126 Mass. 42.
We have not sought to draw any distinction between crim-
inal and civil cases in the discussion of this point, for, if
the evidence is relevant, it must be equally admissible in
either.   The action of the court below was correct.   ·

Plaintiff below in reply to defendant's case in chief
proved that three of the witnesses for the defendant to
seeing the setting of the fire by Gusdorf, were at a
dance about ten o'clock p. m., and remained twenty
to thirty minutes, · and were somewhat drunk, and
for that reason plaintiffs' witness would not permit them
to dance.   In rebuttal defendants offered to prove that
these three witnesses were at a dance and were not drunk.
The fire started at 11:30 p. m., about one hour after the
three witnesses left the dance.   The proof of drunkenness
was offered for the evident purpose of impairing the cred-
ibility of the three witnesses, who were the most important
witnesses for the defendants as to the character of the
fire.   The question excluded was as follows: "Did you see
Benigno Muniz, Ascencion Rael and Pedro Ortiz at that
dance?"   After objection sustained, counsel stated:
"Counsel for defendants states the purpose of the question

Insurance Co. v. Mercantile Co.

directed to this witness is to rebut the evidence of the witness Pacheco and other witnesses who have attempted to testify that these men were drunk that night, and especially the witness Henry Pacheco who stated that they were at the dance and too drunk to dance." It is to be seen that the question asked was probably a mere preliminary one and in itself can not be said to call for evidence which would throw any light on the question of the drunkenness of the witnesses. Counsel in his statement of the object of the examination did not state that he proposed to show by the witness that the three persons were at the dance and were not drunk. Nor did he follow up the ruling by another question showing that intention. He merely stated that the specific question asked was relied on to rebut the evidence of drunkenness, which it clearly did not do. He thus failed to put the court in the wrong so that the ruling can be reviewed here. It is necessary to prevent any question on appeal, to state specifically the facts which counsel expects to show in answer to the question propounded. 2 Elliott on Evidence Sec. 886. The error, therefore, if it was error, is not reviewable.

What may be called an alibi, so far as being personally present and instrumental in setting the fire in question, was established for Gusdorf by several witnesses who were engaged in a card game prior to and at the time of the alarm. In addition thereto the deposition of one Raynolds was read to the same effect over the objection of defendants. The objection was based on the fact that between the time of the order of the district court of Santa Fe county changing the venue of the causes, and the time of the filing of the transcript and papers in the district court of San Miguel county, the commission to take the deposition was sued out in the former court. No objection was made at the time and the defendants filed cross-interrogatories which went out with the commission. The commission was duly returned and filed more than one day before the trial begun. Section 3047 C. L. 1897, seems to be a sufficient answer to the objection. The taking of the deposition includes all of the steps necessary to obtain the testimony of the witness and includes the issuance of the commission. Besides, the joinder in the pro-

ceeding and the submission of cross-interrogatories amounts to a waiver of the objection. 13 Cyc. 1025.

Defendants below complain of the admission of evidence concerning the value of the assets of plaintiff at the time of the fire, the loss having been adjusted prior to the suit. But this was only in reply to proof offered by defendants as to the financial condition of the concern. This was evidently offered by defendants as reflecting upon the probable character of the fire and it was proper for plaintiff to show its solvent condition, not as affecting the amount of recovery, but as rebutting the inference of the fraudulent character of the loss.

There is no merit in the 13th. assignment of error, as the objectionable testimony was elicited in cross-examination for the purpose merely of testing the witnesses sincerity and honesty. He had testified to the harmlessness of certain substances used in a chemical engine, and was then asked if he had heard Doctor Sloan state there at the fire, or some one in his presence, that the same was dangerous to the persons in the building, and if so why he did not correct such statement or opinion at the time.

The 14th, 15th and 16th, assignments, raise questions as to some ruling, perhaps involving technical error, still the testimony elicited was of a trivial character, and could not have changed the result. They do not seem to be relied upon in the brief.

The 17th and 18th assignments relate to the denial by the court of the right to defendants to open and close the case to the jury, as is granted by Section 2990, C. L. 1897. The test is that the right belongs to the party against whom judgment would be rendered if no evidence were introduced on either side. 15 Ency. P. & Pr. 184. L. O. N; Bank v. Judson, 122 N. Y. 278; 1 Thomp. on Trials, Sec. 229. Applying this test it is clear from the record that plaintiff below had the right to open and close. The admission of facts during the progress of the trial by defendants was merely evidence and did not shift the right to open and close to them.

Objection was made to the introduction of the articles

of incorporation of plaintiff below, first, because the same was not a corporation authorized by Section 1889, R. S. U. S., authorizing corporations for "mining, manufacture or other industrial pursuits," and, second, because the articles of incorporation were not filed with the Recorder of Santa Fe county. As to the first ground, counsel concedes that a mercantile business has been held to be an "industrial pursuit" and does not insist on the objection. A sufficient answer to the second objection is found in the fact that the defendants dealt with plaintiff as such corporation and are estopped to deny its legal existence. Andes v. Ely, 158, U. S. 312, 322.

Objection was made to the introduction of the policies of insurance on the ground that it appeared that they had been assigned to various creditors of the plaintiff below, before action was brought and, consequently, plaintiff was not the real party in interest. This objection was not available, it not having been raised by demurrer or answer. 15 Ency. P. and Pr. 713; Bank v. Gilpin, 105 Mo. 21; Loan and Trust Co. v. Brown, 29 Mo. Ap. 466; Spooner v. R. R. Co. 115 N. Y. 30; Wakeman v. Norton (Col.) 49 Pac. 283; Pomeroy Rem. & Rem. Rights, Sec. 711.

For the same reason the request to instruct the jury to find for the defendants below on the ground that plaintiff was not the real party in interest was properly denied.

Objection is made to the 7th instruction given by the court on the theory that it directed the jury that the burden of proof shifted to defendants below on the whole case. An examination of the instructions shows, however, that the court informed the jury that the burden was on the defendants only as to their affirmative defense of the fraudulent burning by the plaintiff.

Objection is also made to the third and eighth instruction for the reason that they fail to define the issues in the case, and, in the third instruction the pleadings are submitted to the jury with direction to ascertain from them what allegations are admitted and what denied.

Where any obligation rests upon the court to instruct the jury as to the law of the case it is probably true that

the jury may not be referred to the pleadings to ascertain the issues. It is the duty of the court to state them. But under our Code of Civil Procedure no obligation rests upon the court to instruct the jury unless requested. Sub-Sec.128 of Sec. 2685, C. L. 1897. This section is copied from the Missouri Code, Sec. 2188, R. S. Mo. 1889, where it has been likewise held that no obligation rests upon the court in a civil case to instruct the jury unless requested. Farmer v. Farmer, 129 Mo. 530. No complaint is made that the instructions are erroneous but rather that they are incomplete. It was non-direction and not misdirection. See also on this subject 1 Blashfield Ins. to Juries, Sec. 127; 2 Thomp. on Trials, Sec. 2341. In the latter it is said: "It is, then, a general rule of procedure, subject, in this country, to a few statutory innovations, that, mere non-direction, partial or total, is not ground of new trial unless specific instructions, good in point of law and appropriate to the evidence, were requested and refused." See also Stuckey v. Fritsche, 77 Wis. 329, Womack v. Circle, 29 Gratt. (Va.) 208.

It may be well to notice that this is a departure from the requirements of the former statute, section 2992, C. L. 1897, and the decisions of this court thereunder the same being no longer operative in this regard since the adoption of the Code.

Defendants below, therefore, should have requested such further instructions as would present the case more fully, and to their satisfaction.

This disposes of all of the assignments of error and as we find no reversible error in the record the judgment of the court below will be affirmed, and it is so ordered.

Ira A. Abbott, A. J., Edward A. Mann, A. J., concur.

Mills, C. J., having tried the case below and McFie and Pope, A. J., did not participate in this decision; Pope, A. J., having been of counsel.