HELEN DE LENDRECIE, Plaintiff and Appellant, *v.* JARVIS PECK, Defendant and Respondent.

**1. Appeal; Error Not Excepted to.**

The action of the trial court in directing a verdict, and in refusing to allow plaintiff to dismiss her action, cannot be reviewed on appeal without an exception. Sections 5080, 5237, Comp. Laws, *held* not to permit such review without an exception.

(Opinion Filed February 25, 1891; . Rehearing Denied.)

*A*PPEAL from district court, Ransom county; Hon. W. S. LAUDER, Judge.

*W. E. Dodge,* for appellant; *S. H. Moer,* for respondent.

CORLISS, C. J.   We regret that imperative rules of practice prevent our examining the merits of the questions raised on this appeal. They are not properly before us. Appellant's counsel has failed to challenge by exception the correctness of the ruling of which her new counsel now complains. The action is in the nature of replevin. Plaintiff's theory of the action, as disclosed by the complaint, was absolute ownership. On the trial she asked the privilege to amend her complaint by averring a special interest in the property. This request was denied. While this ruling was excepted to, error is not here assigned on account of it, and the question is not argued in this court. Failing to secure an amendment, plaintiff then requested leave to dismiss her action. This motion was not ruled upon. At the same time defendant asked for an instruction from the court directing a verdict in his favor. The motion of defendant was granted, and from the judgment based upon the verdict so directed this appeal is taken. Appellant's counsel failed to except to the action of the court directing a verdict; nor did he except to the failure of the court to allow plaintiff the privilege of dismissing the action on her motion. The necessity of exceptions to present these questions is not seriously controverted, except upon the theory that the general rule requiring an exception in such cases is rendered inapplicable by the provisions of § 5080 and § 5237 Compiled Laws. Section 5080 cannot possi-

bly have any application. The ruling of the court in directing a verdict cannot be construed as either an order or a decision, within the meaning of that section. Such ruling, if erroneous, constitutes an error of law occuring on the trial. The California statute is practically the same as § 5080, so far as this question is concerned. Mr. Hayne says, speaking of the California practice in this respect: "As has been shown, an erroneous ruling on a motion for a non-suit is an error of law. Under the language of the subdivision, therefore, it must be excepted to, and, as it is not one of those matters which are deemed to be excepted to, the exception must be taken by the party. The exception is to be taken in the same manner as exceptions to the admission or rejection of evidence." Hayne, New Trial & App. § 119. Only the verdict of a jury, certian orders, and certain decisions are deemed excepted to. The direction of a verdict is neither the verdict, nor is it an order or a decision. An order is defined as "every direction of a court or judge made or entered in writing, and not included in a judgment." § 5323, Compiled Laws. A decision is the written statement of the court's findings of fact and conclusions of law. §§ 5066, 5067, id. Nor will § 5237 aid the appellant. It provides that, "upon an appeal from a judgment as well as upon a writ of error, the supreme court may review any intermediate order or determination of the court below which involves the merits, and necessarily affects the judgment, appearing upon the record transmitted or returned from the district court, whether the same was excepted to or not. Nor shall it be necessary in any case to take any exception or settle any bill of exceptions to enable the supreme court to review any alleged error which would, without a bill of exceptions, appear upon the face of the record."

To bring the ruling of the trial court in this case within this section, it must be either an order or a determination. That it is not an order is apparent from the statutory definition of an "order" already referred to. There can be found no decision in which such a ruling, or indeed any ruling, upon the trial of a case, has been construed to be an order. Nor can it be held to be a determination. Such a construction would lead to the doc-

trine that every erroneous and prejudicial ruling upon a trial could be reviewed without an exception, as it would involve the merits, and necessarily affect the judgment. A defendant who admitted the making of an oral contract, void under the statute of frauds, and who relied solely upon its invalidity, could review, without exception, an erroneous ruling upon the trial admitting parol evidence of such an agreement, for this would involve the merits, and necessarily affect the judgment. The result of this doctrine would be that we would have a bill of exceptions without the necessity of any exceptions in it, and the phrase, "errors of law occurring at the trial," would cease to have any distinctive significance. Section 5237 was taken from Wisconsin in 1887. In 1883 it was construed by the supreme court of that state in the same manner in which we interpret it. In Kirch v. Davis, 55 Wis. 287, 11 N. W. Rep. 689, the court said, at page 298, 11 N. W. Rep. 693. "Counsel for the defendant argued that the direction to return a verdict for the plaintiff is an order or determination which may be reviewed on appeal from the judgment, under Rev. St. p. 799, § 3070." The court then quotes the section, which is precisely the same as § 5237, and then continues: "These provisions have no application to rulings and determinations of the court which do not become part of the record proper. If they are of such a character that it is necessary to settle a bill of exceptions in order to make them of record, they are not reached by the statute. Unless excepted to, they cannot be properly inserted in the bill. Otherwise we might have a bill of exceptions without exceptions, which is an absurdity. The direction to the jury to return a specific verdict for the plaintiff is no part of the record proper. It can only be presented in a bill of exceptions. Hence the statute does not authorize a review of such direction on appeal, no exception thereto having been taken."

Counsel for appellant insists that the sufficiency of the evidence to sustain the verdict was raised by his motion for a new trial, and that that question is before us. We cannot assent to this view. There is no question of fact or of the sufficiency of the evidence to sustain the verdict upon this record. The jury did not consider the sufficiency of the evidence, nor did they

find any fact in the case. Their verdict resulted from a mandatory ruling of the court upon the trial, which ruling was not excepted to. If this was error, it was an "error of law occurring on the trial." The judgment must be affirmed. All concur. .

BARTHOLOMEW, J., having been of counsel, did not sit in the above case, nor participate in the decision.