(98 N. W. Rep. 77.)

---

### JOHN MCNAB *v.* NORTHERN PACIFIC RAILWAY COMPANY.

Opinion filed January 22, 1904.

**Review of Questions of Fact—New Trial.**

1. Questions of fact will not be reviewed in the Supreme Court on appeal from a judgment, in cases tried before a jury, unless a motion for a new trial was first made in the court below.

**Directed Verdict—Exceptions.**

2. The action of the court in directing a verdict for either party must be excepted to, and the ruling and exception brought into a settled statement of the case, and made a part of the judgment roll; else such ruling will not be available for error on an appeal from the judgment.

**Same.**

3. Where, at the close of the evidence, defendant moved that a verdict be directed in its favor, and such motion was denied, but no exception reserved, such ruling, if erroneous, constituted an error of law occurring at the trial, and, as such, could only be made available on appeal upon exception taken.

Appeal from District Court, Walsh county; *Kneeshaw, J.*

Action by John McNab against the Northern Pacific Railway Company. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Ball, Watson & Maclay,* for appellant.

Courts have jurisdiction to entertain garnishment proceedings at the suit of a resident, or nonresident plaintiff against a resident garnishee owing a debt to the principal debtor and defendant, whether the latter is a resident or nonresident, and whether process is served upon him personally or by publication. *Railway Co.* v. *Strum,* 174 U. S. 710; *Tootle* v. *Coleman,* 107 Fed. 41; *King* v.

*Cross,* 175 U. S. 396; *Rothschild* v. *Knight,* 184 U. S. 341; *Mooney* v. *Buford,* 72 Fed. 32; *The National Fire Insurance Co. of Hartford,* v. *Chambers,* 32 Atl. Rep. 663; *Lancashire Insurance Co.* v. *Corbetts,* 46 N. E. Rep. 631; *Bank* v. *Huntington,* 129 Mass. 444; *Howland* v. *Railway,* 36 S. W. Rep. 29; *Wyeth* v. *Long,* 29 S. W. Rep. 1010; *Harvey* v. *Great Northern Railway Co.,* 52 N. W. Rep. 905; Waples, Debtor and Creditor, 180.

The question of exemptions immaterial. *Railway* v. *Strum, supra.*

. *E. R. Sinkler,* for respondent.

Alleged errors cannot be considered, as no exceptions were taken, there was no motion for a new trial, and no exception to the direction of a verdict. *DeLendrecie* v. *Peck,* 48 N. W. Rep. 341, 1 N. D. 422; *Kirch* v. *Davies,* 11 N. W. Rep. 689; *Holum* v. *Chicago, M. & St. P. Ry.,* 50 N. W. Rep. 99; *Anstedt* v. *Bentley,* 21 N. W. Rep. 807; *Geisinger* v. *Boyl,* 37 N. W. Rep. 423; *Selby* v. *Detroit Ry. Co., et al,* 21 N. W. Rep. 106; *London & N. W. Amer. Mortgage Co.* v. *McMillan,* 80 N. W. Rep. 841; *Frenzer* v. *Phillips,* 77 N. W. Rep. 668; *D. M. Osborne & Co.* v. *Williams,* 35 N. W. Rep. 371; *McCormack* v. *Phillips,* 34 N. W. Rep. 39; *Olmstead* v. *National Life Insurance Co.,* 7 N. W. Rep. 403; *McKinnon* v. *Atkins,* 27 N. W. Rep. 564; *Dahl* v. *Stakke,* 12 N. D. 325, 96 N. W. Rep. 353.

The municipal court of St. Paul failed to get jurisdiction, as the plaintiff in this case—defendant in the proceedings in St. Paul— was never served with process, and had no notice of the proceedings in that court; he was served, if at all, by publication. *Alabama & S. Ry. Co.* v. *Chumbey,* 9 So. Rep. 286; *Illinois Central Ry. Co.* v. *Smith,* 12 So. Rep. 461; *Drake* v. *Lake Shore & M. S. Ry. Co., et al,* 37 N. W. Rep. 70; *Mo. Pac. Ry. Co. et al.* v. *Maltby et al,* 8 Pac. Rep. 235; *Crisp* v. *Fort Wayne & E. Ry. Co.,* 57 N. W. Rep. 1050; *Renier* v. *Hurlbut et al,* 50 N. W. Rep. 783; Rev. Codes, section 3803; *Purcell* v. *St. P. F. & M. Ins. Co.,* 64 N. W. Rep. 943; *Union Pac. Ry. Co.* v. *Smersh,* 36 N. W. Rep. 139; Rood on Garnishment, section 83; *Terre Haute & I. R. Ry.* v. *Baker,* 24 N. E. Rep. 85; *Mo. Pac. Ry.* v. *Whipsiker,* 13 S. W. Rep. 639; 1894 Statutes of Minnesota, section 5314; 1895 Laws of Minnesota, page 756; *Swedish American National Bank of Minneapolis* v. *Bleecker,* 75 N. W. Rep. 740.

· COCHRANE, J.   At the close of the testimony in the district court, both parties moved for a directed verdict, whereupon the court directed a verdict in favor of the plaintiff and against the defendant for $47.76.   A verdict was returned accordingly.   No exception was saved to the ruling of the court in denying defendant's motion for a directed verdict, or in his action in directing a verdict for plaintiff.   No motion was made in the court below to set aside the verdict, or for a new trial, and no motion was made for judgment notwithstanding the verdict.   Defendant, without exceptions, caused a statement of the case to be settled, containing all the evidence, and specifying as a part thereof the same alleged errors which are assigned in its brief upon this appeal.   The appeal is from the judgment entered upon this verdict.

The assignments of error predicated upon the action of the court in denying its motion for a directed verdict, and upon granting plaintiff's motion for a verdict in his favor, cannot be considered. Such rulings, if error at all, are errors in law occurring at the trial, and, under the imperative language of the statute, can be made available on appeal only when exceptions were saved.   Subdivision 7, section 5472, Rev. Codes; *DeLendrecie* v. *Peck,* 1 N. D. 422, 48 N. W. 343; *McKenzie* v. *Water Co.,* 6 N. D. 361, 71 N. W. 608; *Ness* v. *Jones,* 10 N. D. 588, 88 N. W. 706, 88 Am. St. Rep.· 755; *Dahl* v.*Stakke,* 12 N. D. 325, 96 N. W. 354.   Chapter 63, p. 74, Laws 1901, does not change the rule or do away with the necessity of exceptions to rulings as a prerequisite to consideration of the ruling on appeal.

Appellant assigns for error that the evidence is insufficient to justify the verdict.   The particulars wherein it is claimed to be insufficient are set out in the specifications—a part of the statement of the case.   The statute (section 5627, Rev. Codes) provides that "questions of fact shall not be reviewed in the Supreme Court in cases tried before a jury unless a motion for a new trial is first made in the court below."   *Dahl* v. *Stakke, supra; Ness* v. *Jones, supra.*   Before this provision was added·to section 5627, Rev. Codes, a motion for a new trial was a necessary preliminary to consideration of this form of assignment on appeal.   Omitting the above-quoted sentence, section 5627, Rev. Codes, is substantially the same as section 5237 of the Compiled Laws of the territory, from which it was inherited, and section 463 of the Code of Civil Procedure of South Dakota.   Under these statutes, such assignments could not be

reviewed on an appeal from a judgment unless a motion for new trial was first made in the court below. *First National Bank* v. *Comfort,* 4 Dak. 167, 28 N. W. 855; *Hawkins* v. *Hubbard,* 2 S. D. 633, 51 N. W. 774; *Pierce* v. *Manning,* 2 S. D. 517, 51 N. W. 332; *Myers* v. *Longstaff,* 14 S. D. 98, 84 N. W. 233; and other South Dakota cases. The addition of the concluding paragraph of section 5627, *supra,* by the statute of 1891, puts this question at rest in this jurisdiction.

That the evidence is insufficient to justify the verdict is ordinarily a question of law, and not one of fact. So considered, it cannot be reviewed on this appeal, because not an error in law occurring upon the trial and excepted to. But to be made an error in law reviewable at all, the court which received the verdict should have been asked to set it aside and grant a new trial on this ground. Its action one way or the other, when excepted to, might then be assailed as an error in law. If the evidence as a whole will not sustain the verdict, or if the verdict is in conflict with the evidence, advantage cannot be taken of the point on appeal from the judgment, when no motion for new trial was made in the court below, for the reason that the statute (section 5627, *supra*) enumerates what rulings or matters may be reviewed in this form of appeal without motion for a new trial, and that the evidence is insufficient is not one of them.

The claim that under section 5462, Rev. Codes, a verdict is deemed excepted to, and may be reviewed as to the sufficiency of the evidence, both on motion for new trial and on appeal, as fully as if exception thereto had been expressly taken, does not affect the determination of this question, for, had an exception to the verdict been expressly reserved, it would not have obviated the necessity for a motion for new trial in the court below. There is nothing before this court to consider.

Judgment affirmed. All concur.