## R. S. DICKENSON v. COLUMBUS STATE BANK.

### FILED MARCH 2, 1904. No. 12,952.

1. **Pleadings: AMENDMENTS.** The allowance of amendments to an answer is not an abuse of discretion, even though a demurrer to the answer for lack of the supplied allegation has been overruled and objection made to the introduction of evidence, where opportunity is given the other party to produce additional proof, and no requirement of terms was asked for, and the amendments are as to material facts of which there is evidence.

2. **Evidence: COMPETENCY OF WITNESS.** Section 329 of the code allows evidence of an interested party against the representative of a deceased person, as to transactions with the deceased "in regard to the facts testified to" by the other party's witness, but no "further."

3. ————: **PAYMENTS.** Where the party representing the deceased has introduced evidence of certain payments made to the other party, that party may show to what the payments were applied and that it was with the deceased's assent, but may not show a long antecedent agreement had with the deceased that the items, to which the payments were applied, should constitute a lien prior to a mortgage held by deceased upon the property out of which the payments came.

4. **Liens: PRIORITIES.** Advancements by a mortgagee made to harvest and market a crop of hemp, under an oral agreement with the owner and another mortgagee that they shall be repaid out of the proceeds of the crop before the mortgages, warrant the application of the proceeds to such payment as against a subsequent mortgagee with notice, who is also the assignee with notice of the other mortgage.

5. **Error: REVIEW.** "Error in the assessment of the amount due will not be reviewed under an assignment in the motion for a new trial that the verdict is not sustained by sufficient evidence." *Hammond v. Edwards*, 56 Neb. 631.

6. **Finding: EVIDENCE.** Evidence *held* to sustain trial court's finding of amount due.

ERROR to the district court for Platte county: JAMES A. GRIMISON, JUDGE. *Affirmed.*

*Reeder & Hobart,* for plaintiff in error.

*A. M. Post* and *Whitmoyer & Gondring, contra.*

HASTINGS, C.

Three errors are relied on by plaintiff in error in this action, who brought it in the trial court for an accounting for property on which he claimed a chattel mortgage lien. The accounting was had, but it was against plaintiff in the sum of $1,148.77. The essential question in the case is, whether certain advancements, made by the defendant, as is claimed, to preserve and harvest the crop of hemp which was the subject of the liens, shall be satisfied out of the hemp before plaintiff's mortgages, or shall be postponed in favor of the latter. The trial court held that the advancements were to be first paid. Plaintiff brings error and complains: First, that the trial court was wrong in permitting an amendment of defendant's answer to be made after the evidence was all taken, setting up, in effect, that the advancements were made by agreement with the owner and with the assent of plaintiff's assignor, Murdock & Son. The claim is that there was not sufficient evidence of such facts to justify the amendment, and that such evidence of them as there was had been introduced over plaintiff's objection. The second complaint is that, as the disputed part of plaintiff's claim rests upon a lien assigned to him by the surviving member of the firm of Murdock & Son, the testimony of defendant's president, who was also a stockholder, to transactions with the deceased, Murdock, was improperly admitted. It is finally urged that the evidence is entirely insufficient to show any right to have these advancements preferred to plaintiff's lien.

Counsel say that they waive none of the errors complained of, but they consider them prejudicial because they are embraced in these three. So far as the amendment is concerned, if the facts in the case are such as to call for it, there seems to have been no abuse of discretion. It is true that it was made after the evidence to the court was taken, and it seems to have been made after objection, based on the absence of the allegations of assent by the other parties to these agreements, had been overruled. But, abundant

opportunity was given to plaintiff to change his pleading or to put in additional evidence. The cause was continued, after the amendment, to the next term. An amendment to correspond with proofs was asked for by plaintiff and allowed to him. No attempt to add to evidence was made by the plaintiff, and no attempt to have terms fixed on which the amendment should be made. This objection should therefore only be considered in connection with the complaint as to the character of the proof.

Plaintiff objected to the evidence of defendant's president, Gerrard, as to transactions had with the deceased, Murdock, as being excluded by section 329 of the code. It was testimony of an interested party as to transactions with a deceased person against an assignee of the deceased. Unless testimony as to such transactions had been introduced by the other side it was inadmissible. There seems no doubt that Mr. Gerrard's interest as a stockholder of the bank is a "direct legal interest," and disqualified him under the terms of the statute. *Tecumseh Nat. Bank v. McGee*, 61 Neb. 709. It is claimed, however, that plaintiff had opened the door to Mr. Gerrard's testimony, by introducing his evidence as to a part of the transactions on his own behalf. Plaintiff had introduced Mr. Gerrard solely to testify as to receipts of money from the sale of this hemp. It was shipped by Mr. Jerome, the mortgagor. The drafts for it were remitted to Jerome, and by him were turned over to Mr. Gerrard. The deceased, J. S. Murdock, appears to have been a party to the application of $400 from these payments to the mortgage held by his firm on the hemp. The facts of the payments being proved, it is claimed that this admits testimony that they were applied upon advancements made, subsequent to the mortgage, to harvest and market the crop, and that the advancements were, by agreement of defendant with Jerome and with Murdock & Son, to be repaid before anything was to be applied upon the mortgages of either party. The introduction of proof of these payments undoubtedly warranted proof by defendant that they were applied upon the ad-

vancements. We are entirely unable to see, however, how proof of the payments and of their application, could waive the bar of the statute as to testimony by defendant's president and stockholder, Gerrard, with regard to the entirely antecedent agreement, that the mortgages should be postponed to the advancements for harvesting and manufacturing the hemp to fit it for market. It seems clear that, in permitting testimony of this antecedent transaction with the deceased, the trial court was in error.

As before stated, the trial was to the court, and the admission of incompetent evidence will not require a reversal, if there is enough competent evidence to uphold the judgment. Leaving out entirely those portions of the evidence of Gerrard as to transactions with J. S. Murdock, which were not a part of these payments which plaintiff had proved, there is still uncontradicted evidence of an agreement to prefer the advancements. In the first place, there is the fact that out of the first car-load of hemp, the proceeds of which were turned over to defendant, $512 were paid on these advancements of defendant, $100 on one mortgage note of defendant, $50 on another, and $100 on a note of Murdock & Son. Gerrard's testimony, as well as all of the facts, show that this was by arrangement with J. S. Murdock, and as to this the evidence is competent. This was evidently a part of the transaction of payment. Plaintiff had shown defendant's receipt of the money, and defendant had shown its application. Plaintiff's own testimony shows that this payment and another of $300 on the same note from the second car-load were both discussed by him with Murdock. The latter must have assented to defendant's application of the money from the first two car-loads of hemp sold. Mr. Jerome states that Murdock & Son were, at least, fully aware of the arrangement for advances from defendant to harvest the crop, and never objected. Mr. Gerrard states, and there is no denial, that H. I. Murdock, the survivor of the firm, was a party to the agreement. The trial court would not have been warranted in finding otherwise than that Murdock & Son were

parties to the agreement, that defendant should make these advancements and should be repaid for them in preference to the mortgages, its own and Murdock & Son's. It is clear that when plaintiff took his own mortgage on the tow, November 7, 1898, he knew of these advancements and knew, in part at least, what application had been made of the three car-loads of hemp which had been sold and the proceeds paid to defendant. He himself wrote the mortgage then made, and wrote the clause in it, "Subject to the claim of the Columbus State Bank." He admits knowing of the advancements when made, but denies knowledge of any agreement that they were to be a preferred lien on the hemp. It is clear, however, that he had ample knowledge to put him on inquiry, if not actual knowledge of the facts. It seems clear that the plaintiff is not entitled to claim any precedence over defendant's advancements by reason of the mortgage of November 7, 1898, when three of the five car-loads, the proceeds of which defendant received, had already been realized upon, and defendant's advancements were, most of them, more than a year old. It seems equally clear that the Murdock mortgage gives no such priority. It was bought by plaintiff with full knowledge of what defendant claimed, after plaintiff had examined notes and vouchers constituting defendant's claim. We have seen that there is no real doubt that Murdock & Son, while they held the mortgage, consented that it should be postponed to defendant's advancements. It is clear that defendant was entitled to apply the money it received to the payment of its advancements, and was entitled to satisfy the balance remaining due on its mortgages out of the property which plaintiff seized and shipped to New York.

So much of an opinion had been written and submitted as disposing of the case, when it was suggested that there was a complaint that the decree rendered was, in any event, excessive in amount. It was replied that the only claim of that kind was in the reply brief filed by plaintiff, in which was the statement that the decree for $1,148.77 must be excessive, as the bank's mortgages were $1,787.73,

advancements, including interest, were $2,653.65, making a total of $4,441.28; while payments aggregating $4,242.22 were admitted, leaving a balance of only $199.16, with interest, in any event. It was supposed that this discrepancy rested solely on the assumption that all of the defendant's evidence as to the application of these payments was incompetent, and therefore no showing as to the $400, paid by defendant on the Murdock mortgage from proceeds of the tow, was to be considered as in the record. That contention of plaintiff having been overruled, it was supposed that the discrepancy between the claims of defendant, less the admitted payments and the amount of the decree, was removed. That there might be no injustice done, another hearing was ordered as to this question of the amount.

Two objections are now made to the amount of the judgment: First, that it appears that defendant's note of $600, secured by mortgage bearing date August 24, 1897, was without consideration at the time it was given, and its real consideration was a part of the $2,653.65 of advancements claimed, and its amount should be deducted from them; second, that the real amount of advancements shown by the record was only $1,454.39, exclusive of interest. Both of these claims are entirely new ones, quite inconsistent with both the original and reply briefs of plaintiff in error. It is claimed that they should be considered now, as supporting the error assigned in the allegation that the findings of the trial court are not supported by the evidence. Defendant urges, on the other hand, that this new contention can not be considered under the assignment of error that the judgment is not sustained by sufficient evidence.

The decisions of this court seem to be clear that one who wishes to raise this question of error in the amount of recovery, must do so, in terms, in his motion for a new trial and in his petition in error. It is expressly made one of the grounds for a new trial in subdivision 5 of section 314 of the code. It is held that, to make it available in

actions *ex contractu,* it must be expressly called to the trial court's attention. *Hammond r. Edwards,* 56 Neb. 631; *Riverside Coal Co. v. Holmes,* 36 Neb. 858; *Nye & Schneider Co. v. Snyder,* 56 Neb. 754; *Wachsmuth r. Orient Ins. Co.,* 49 Neb. 590; *Montgomery v. Albion Bank,* 50 Neb. 652; *Beavers v. Missouri P. R. Co.,* 47 Neb. 761. We have, however, examined the record and, if the questions had been distinctly raised, there is evidence to sustain the trial court in its conclusion that the $2,653.65 were all advanced, and that it was additional to the loans evidenced by the notes. Mr. Jerome, while his attention was not apparently explicitly directed to the question of whether the advancements claimed included any part of the consideration for the $600 note, testifies that he received the consideration for the note and he received the advancements. It may be true that the statements made by the bank to Jerome, at the time, as to the application of the proceeds of the five cars of tow, are not alleged as accounts stated, and are perhaps not conclusive upon plaintiff, but they are certainly competent to refresh Mr. Gerrard's recollection, and he testifies that they represent the facts. Taking them as correct, and declining to assume, what nowhere appears from the evidence and is clearly contrary to these statements, that the $600 note should be charged against the advancements, the decree does not vary from a careful recomputation more than a few dollars, not more than different methods of computing so complicated a transaction will account for.

It is recommended that the judgment of the trial court be affirmed.

Ames and Oldham, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the trial court is

Affirmed.