JOSEPH BECKWITH v. DIERKS LUMBER & COAL COMPANY.

FILED DECEMBER 20, 1905. No. 14,059.

1. **Review: RECORD.** A judgment will not be reversed for error of law occurring at the trial unless it is alleged in the petition in error and shown by the record that the court erred in overruling the motion for a new trial. *James v. Higginbotham,* 60 Neb. 203.

2. **Instruction: OBJECTION.** A party who fails to object to an instruction is conclusively presumed to be satisfied with it as given.

3. **Judgment: JURISDICTION.** One claiming title to personal property through a sale under attachment proceedings in a justice's court must show legal notice to the defendants of the pendency of the action and that the property claimed was attached therein.

ERROR to the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*C. W. Beal* and *H. J. Shinn,* for plaintiff in error.

*J. S. Kirkpatrick, C. H. Holcomb, G. E. Hager* and *Milton Schwind, contra.*

DUFFIE, C.

The Dierks Lumber & Coal Company is the owner of a lot and building in the city of Broken Bow, Nebraska. A tenant erected a shed addition to this building and put a counter and some shelving therein. He afterwards sold all his right in the premises to Warner Brothers. Robinson, another tenant, occupied the building until some time in May, 1901, when he vacated, and the Dierks company then rented the same to one Dischous. In the meantime Beckwith, the plaintiff in error, commenced an action aided by attachment in a justice's court against Arthur and

Joseph Warner and A. Wallace, obtained judgment, and had the shed, counter and shelving sold, himself becoming the purchaser. The Dierks company refusing to recognize his ownership, this action was brought for the value of the property and for rents. After the plaintiff had introduced his evidence, the court directed a verdict for the defendant, overruled a motion for a new trial, and entered judgment for costs against the plaintiff.

The judgment must be affirmed for several reasons. The petition fails to allege error in overruling the motion for a new trial. If the court did not err in overruling the plaintiff's motion for a new trial, it is evident that the judgment appealed from is the only one that could have been entered, and errors of law occurring at the trial, if any, were not prejudicial to the plaintiff. Again, no exception was taken to the action of the trial court in directing a verdict for the defendant, and the conclusive presumption arises that plaintiff was satisfied with this instruction. *Scofield v. Brown,* 7 Neb. 221; *Billings v. Filley,* 21 Neb. 511; *Gravely v. State,* 45 Neb. 878. This rule is as applicable to peremptory instructions as to any other. *Startzer v. Clarke,* 1 Neb. (Unof.) 91.

We think, also, on the merits the judgment should be affirmed. While the plaintiff claims title to the property under an attachment proceeding in a justice's court, there is no showing in the record that this particular property was attached as the property of the defendants in that proceeding. Service against the defendants in that action was had by publication, without any showing that they could not be served in the county. It is true the affidavit for publication shows that the defendants were nonresidents, but it does not negative the fact, which may have existed, that they were present in Custer county at the time the affidavit was made.

We recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.