Mary Kephart v. Continental Casualty Company, a Corporation.

Opinion filed April 23, 1908.

**Insurance — Accident Policy — Contract of Another State — Pleading — Proof.**

1. In an action upon an accident insurance policy, which contains a stipulation that satisfactory proof of claim must be furnished the company by the claimant within thirty days after the date of the injury, and also the further stipulation that no suit shall be brought under said policy unless brought within nine months from the date of the accidental injury, defendant denies any liability thereunder on account of a failure to comply with such stipulations. Defendant contends that the policy of insurance is an Illinois contract, and that under the statute of Illinois the limitations aforesaid are valid. Such defense is unavailing to defendant, as there is no allegation in the answer and no proof in the record as to the existence of such a statute in said state, and, in the absence of such allegation and proof, the law of the forum controls.

**Same — Proof of Loss — Time to Sue.**

2. Under the law of this state (Rev. Codes 1905, sections 5978, 5371) the proof of loss under the policy was furnished and the action brought in ample time.

**Same — Line of Duty — Brakeman.**

3. Defendant seeks to escape liability under such policy upon the ground that the insured at the time he met with the accident was not engaged in the line of his duty as brakeman, but this contention is overruled.

**Same — Contributory Negligence of Assured.**

4. Defendant's contention that the insured was guilty of negligence which contributed to his injuries, and hence that the beneficiary cannot recover under such accident insurance policy, has no support in the evidence, and is therefore untenable.

**Same — Presumptions and Burden of Proof — Cause of Injury.**

5. The policy provides for the payment of benefits only in case of personal bodily injury, "through external, violent and purely accidental causes." It also provides that, "where the accidental injury results from unnecessary exposure to danger or to obvious risks of injury," the amount payable shall be but one-tenth of the face of the policy. The policy contains no provision exempting the company from liability for negligence of the insured contributing to his injuries, and it will be presumed in the absence of proof to the contrary that the injuries were received through accidental causes.

**Trial — Questions for Jury.**

6. At the conclusion of plaintiff's testimony defendant moved for a directed verdict in its favor, which motion was denied. Thereafter

plaintiff moved for a directed verdict in her favor, which motion was granted. No request was made by defendant's counsel to submit any question of fact to the jury; hence defendant waived its right, if such right existed, to have submitted to the jury the question as to whether the injury was accidental, or whether it resulted from unnecessary exposure to danger or to obvious risks of injury within the meaning of the terms of the policy.

### Appeal — Assignment of Error — Exceptions — Directing Verdict.

7. An assignment of error based upon the rulings of the trial court in directing a verdict, where no exception to such ruling was taken, cannot be considered.

### Insurance — Deduction of Premium — Matters Not Presented Below.

8. It is contended that a certain portion of the unpaid premium on said policy should have been deducted from plaintiff's recovery. *Held*, that such contention is without merit,, as there is no foundation in the pleadings for any such allowance or deduction, and no such question was presented to or passed upon by the trial court.

### Same.

9. So-called specifications of error not embraced in the settled statement of the case will not be noticed, and an assignment of error based thereon cannot be considered.

Appeal from District Court, Wells County; *Burke*, J.

Action by Mary Kephart against the Continental Casualty Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals.

Affirmed.

*George K. Shaw*, for appellant.

In the absence of a statute a policy may limit the time for suit thereon. Kiisel v. Mutual Reserve Life Ins. Co., 107 N. W. 1027; 28 Cent. Digest, see Insurance 1545.

Contract is completed at the place and when the proposals of one party are accepted by the other. 1 May on Ins. (4th Ed.) section 43, 66; Marden v. Hotel Owners Ins. Co., 52 N. W. 509.

Where a policy is not binding until countersigned, it takes effect where countersigned. Pomery v. Manhattan Life Ins. Co., 40 Ill. 398; Hyde v. Goodnow, 3 N. Y. 266; Lamb v. Bowser, 7 Bissel,. 315; Tuttle v. Iowa Ins. Co., 104 N. W. 1131; Stephens v. Capitol Insurance Co., 54 N. W. 139; Commonwealth Fire Ins. Co. v. Knabe & Co., 50 N. E. 516.

*J. J. Youngblood*, for respondent.

Unless the laws of a foreign jurisdiction are alleged and proved, the law of the forum prevails. National German American Bank

v. Lang, 2 N. D. 66, 49 N. W. 414; Sandmeyer v. Dakota Fire & Marine Ins. Co., 50 N. W. 353; Morris v. Hubbard, 72 N. W. 894.

Fisk, J. This is an action upon an accident insurance policy issued by the defendant to one Earl C. Kephart; the plaintiff, Mary Kephart, being his mother and the benficiary named in such policy. The face of the policy is $1,000, but it contains a stipulation that in case of accidental injury or loss resulting from unnecessary exposure of the insured to danger or to obvious risk of injury the amount payable shall be only one-tenth of the face of the policy, or, in this case, $100. The policy also contains a provision that satisfactory proof of claim must be furnished the company at its office at Chicago, Ill., by the claimant within 30 days after the date of the death of the assured. It also provides that no suit shall be brought against the company under said policy unless brought within 9 months from the date of the accidental injury. The insured was injured on August 14, 1903, and died the following day, and this action was commenced June 2, 1905. At the close of the testimony the trial court directed a verdict in plaintiff's favor for the full amount prayed for in the complaint, and judgment was entered accordingly. Thereafter a motion for new trial was made and denied, and this appeal is from such order and from the judgment.

Appellant assigns error as follows: (1) The court erred in overruling the defendant's motion made at the close of the plaintiff's case to direct the jury to find a verdict in its favor and against the plaintiff; (2) the court erred in overruling the defendant's motion made at the close of all the testimony to direct a verdict in favor of the defendant; (3) the court erred in directing a verdict for the plaintiff; (4) the evidence is insufficient to justify the verdict; and (5) the court erred in overruling the defendant's motion for a new trial.

Regarding the first assignment of error it is appellant's contention that no recovery can be had under said policy because proof of claim was not made to the company within 30 days from the date of the accident, and also because suit was not commenced within nine months after the death of the insured. It is in effect conceded that, if the statute of this state (sections 5978, 5371, Revised Codes 1905) has any application, such contention is not sound; but it is argued that the policy was delivered in the state of Illinois,

and hence is governed by the laws of that state. Conceding that the policy is an Illinois contract does not aid appellant, as it wholly failed to allege or prove the law of that state. This was necessary Bank v. Lang, 2 N. D. 66, 49 N. W. 414; Sandmeyer v. Insurance Co., 2 S. D. 346, 50 N. W. 353; Morris v. Hubbard, 10 S. D. 259, 72 N. W. 694. In Bank v. Lang it was said: "Where a suitor desires to take advantage of the laws of another jurisdiction, it is incumbent upon him to allege and show what the laws are in such other jurisdiction, and set forth wherein they differ from the law of the forum." Such, in effect, are the holdings in the other cases above cited; and we do not understand that appellant's counsel challenges the correctness of these decisions, but, on the contrary, expressly recognizes their binding force. In the face of this admission we are at a loss to know how appellant's counsel hopes to maintain his contention. There is no attempt in the answer to allege the existence in Illinois of a statute different from that in this state. Furthermore, the proof thereof is wholly insufficient. At the conclusion of plaitiff's testimony appellant's counsel moved for a directed verdict, and at the same time called to the court's attention the case of Insurance Co. v. Whitehill, 25 Ill. 388, which decided that a limitation clause in a policy requiring suit to be brought upon the same within one year after the loss or damage occurs was valid. This decision was made in 1861, and it is contended that this was sufficient proof of the statute law of Illinois in 1903 at the time the policy in suit was issued. The trial judge was not asked to take judicial notice of the laws of Illinois as disclosed by this decision; but, even if he had been expressly so requested, we should be required to hold such proof wholly insufficient. Nearly 42 years elapsed between the decision in that case and the issuance of the policy in suit. Furthermore there was no foundation laid for such proof by any allegation in the answer, and, as before stated, this was essential. We conclude, therefore, that the rights of the parties are governed by the laws of this state, and that under such laws the proof of claim was presented and the action commenced in ample time.

It is next urged as a ground why defendant's motion for a directed verdict should have been granted that the evidence discloses that the insured was not injured in the line of his duty. The proof shows that he was employed as a brakeman on a freight train known as "Extra East." It also appears that his train was backed

in on a side track at Balfour to permit train No. 108, which was due there soon, to pass, and that it was his duty to close the switch after his train had backed upon the side track. The witness Gable, who was engineer on the train upon which the deceased was employed, testified that it was young Kephart's duty to remain on the engine when not at work; but it cannot be said, nor was it seriously contended, that he disobeyed any instructions or rules in remaining at the switch until the arrival of such other train, a period of 30 or 40 minutes, and we think it clear from the evidence that he met with the injury which resulted in his death while engaged in the line of his duties as such brakeman. The true cause of the injury is not disclosed; but it does quite clearly appear that train No. 108 passed over both of the feet and ankles of the deceased, necessitating amputation thereof, from which injuries he died.

It is urged that he was guilty of negligence which contributed to his injuries, and hence the beneficiaries cannot recover. It is said, in effect, that this young man was chargeable with the same degree of care as if this action was against the railway company to recover for the injuries. If this be sound, there would be little or no incentive or object in purchasing accident insurance by a railway employe. An examination of the policy convinces us of the fallacy of such contention. It provides for payment of benefits in case of personal bodily injury "through external, violent, and purely accidental causes." It also provides that, "where the accidental injury results from unnecessary exposure to danger, or to obvious risks of injury, * * *" the amount payable shall be but one-tenth of the amount which would otherwise be payable under the terms of the policy. The policy contains no provision exempting the company from all liability in case of the negligence of the insured contributing to his injuries. In the absence of proof to the contrary, and there is none in the record, we must presume that the injuries were received through accidental causes. See Stevens v. Continental Casualty Company, 12 N. D. 463, 97 N. W. 862, and cases cited; Cameron v. G. N. Ry. Co., 8 N. D. 124, 77 N. W. 1016.

This brings us to appellant's contention that no recovery can be sustained in excess of one-tenth of the face of the policy, or $100. This contention is predicated upon the theory that under the facts in the case it conclusively appears that the injury resulted from the necessary exposure of the insured to danger or to obvious risk of injury, and hence that within the terms of the policy the recovery

cannot exceed said sum of $100. This contention cannot be upheld. The most that could have been claimed was that there was sufficient evidence to require the submission of the question to the jury as to whether the injury resulted from such "unnecessary exposure of the insured to danger or to obvious risk of injury." No request was made by defendant's counsel to this effect; but at the close of the testimony such counsel moved for a directed verdict, which motion was overruled, and thereafter plaintiff's counsel moved for a directed verdict in plaintiff's favor, which was granted, no exception being taken to the latter ruling. This ruling is assigned as error, but the assignment cannot be noticed for the above reason.

The argument advanced in support of the fourth assignment of error relates to the same questions heretofore disposed of, with the exception of the latter portion thereof, and need not be further noticed. In the latter portion of such argument it is claimed that the verdict is excessive because the evidence presumptively shows that certain portions of the premium installments have not been paid, and that they should therefore be deducted from plaintiff's recovery. It is idle to talk about this, for the obvious reason that there is no foundation in the pleadings for any such allowance or deduction, and furthermore no such question was presented to or passed upon by the trial court.

The fifth and last assignment of error challenges the correctness of the trial court's ruling in denying the defendant's motion for a new trial. This assignment, as stated therein, is based "upon all the grounds stated in the specifications of error" as set forth in the printed abstract at page 64. No argument is advanced in support of such assignment, but we are referred in a general way to all the preceding discussion contained in the brief. The alleged specifications to which we are referred are no part of the settled case as contained in the abstract, and are in no manner authenticated; hence we have no method of determining whether these alleged errors were urged or relied upon in the court below as grounds for a new trial, and hence they cannot be noticed.

Having disposed of each assignment of error adversely to appellant's contention, it follows that the judgment and order appealed from must be affirmed, and it is so ordered.

FISK, J. concurs.

SPALDING, J. (concurring specially.) I concur in the result, but express no opinion as to the necessity of alleging and proving the law of Illinois. In view of the conclusion that the law of this state governs, I see no necessity for passing on the effect of failure to allege or prove the law of that state.