JOSEPH WARNER, APPELLANT, V. EPHRAIM SOHN ET UX., APPELLEES.*

FILED DECEMBER 14, 1909. No. 15,851.

1. **Appeal: DIRECTING VERDICT: FAILURE TO EXCEPT.** Assignments of error, when based alone on the giving of a peremptory instruction to which there was no exception, may be disregarded on appeal.

2. **Appeal: MOTION FOR NEW TRIAL.** Where the jury in obedience to a peremptory instruction returns a verdict for defendant in an action of replevin and fixes the damages for detention of the property, error in assessing the amount, to be available on appeal, should be specifically assigned in the motion for a new trial.

APPEAL from the district court for Furnas county: ROBERT C. ORR, JUDGE. *Affirmed.*

*Perry & Lambe,* for appellant.

*Morlan, Ritchie & Wolff, contra.*

ROSE, J.

The parties are disputing about the value, ownership and possession of three stacks of rye valued by the jury at $45. July 11, 1902, the stacks were standing on the Hall land west of and near Arapahoe. Plaintiff insists he was a tenant, that he sowed the rye field the fall before, and that he was entitled to two-thirds of the crop. Defendants contend that they were the owners of the land,

* Judgment vacated, and case resubmitted.

and that plaintiff was a trespasser without any right to a share of the crop or to its possession. When the rye was ripe, plaintiff went on the premises with the owner of a harvester to perform the duties of a husbandman, but withdrew after having been knocked down by defendant Ephraim Sohn who asserts he thereafter directed the harvesting. When the rye was in stack, plaintiff replevied it. Defendants' answer to the petition in replevin consisted of a general denial and a prayer for judgment, for a return of the property or for its value, if a return could not be had, and for damages for wrongful detention. Witnesses testified on both sides of the case at the trial in the district court. In obedience to a peremptory instruction at the close of the testimony, the jury rendered a verdict for defendants. The value of the property was assessed at $45, and defendants' damages by reason of the detention were fixed at $17.85. From a judgment on the verdict plaintiff appeals.

Plaintiff argues that by his proofs he made a *prima facie* case showing his right to crop the land, to a division of the rye and to possession thereof, and that therefore there was error in directing a verdict against him. Defendants suggest in their brief, however, that plaintiff is not in a position to urge error in the peremptory instruction, for the reason he did not except to it. The point seems to be well taken. The record does not disclose such an exception. The instruction is as follows: "The court instructs the jury, under the issues joined and the evidence, your verdict must be for the defendants; and in returning your verdict you must find that the right of property and right of possession of said property at the commencement of this action were in the defendants. You must also assess the value of said property and place the full value of the same in your verdict, and also assess the damages sustained by the defendants by reason of the detention of said property, which damages will be interest at the rate of 7 per cent. per annum from July 12, 1902, to the present time, on the value of the property as found

by you." There being no exception to this instruction, assigned errors in giving it may be disregarded on appeal. In *Startzer v. Clarke*, 1 Neb. (Unof.) 91, this court announced the following rule: "An exception is indispensable to secure a review of the action of the trial court in directing a verdict." In following this doctrine it was said in a later case involving the same question: "No exception was taken to the action of the trial court in directing a verdict for the defendant, and the conclusive presumption arises that plaintiff was satisfied with this instruction." *Beckwith v. Dierks Lumber & Coal Co.*, 75 Neb. 349. Assignments of error predicated on the holding of the court in directing a verdict for defendants will therefore be disregarded.

Plaintiff argues further that in any event the amount of defendants' recovery as fixed by the jury was too great. This point is also unavailing, because it was not properly presented to the trial court in the motion for a new trial. One of the statutory grounds for a new trial is: "Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property." Code, sec. 314. The right of defendants to recover was settled by the peremptory instruction to which there was no exception. If the amount found by the jury was excessive, that question should have been submitted to the trial court by a specific assignment of error, and in absence of one may be disregarded on appeal. *Riverside Coal Co. v. Holmes*, 36 Neb. 858; *Beavers v. Missouri P. R. Co.*, 47 Neb. 761; *Hammond v. Edwards*, 56 Neb. 631; *Dickenson v. Columbus State Bank*, 71 Neb. 260. In the present case the motion for a new trial contains an assignment that "the verdict is not sustained by sufficient evidence," but "error in the assessment of the amount due will not be reviewed under an assignment in the motion for a new trial that the verdict is not sustained by sufficient evidence." *Hammond v. Edwards*, 56 Neb. 631; *Dickenson v. Columbus State Bank*, 71 Neb. 260.

Plaintiff has not pointed out an error requiring a reversal, and the judgment must be

AFFIRMED.

REESE, C. J., dissenting.