Klotz, Appellant, vs. Milwaukee Electric Railway &
Light Company, Respondent.

*December 6, 1910—January 10, 1911.*

*Appeal: Review: Exceptions: Record.*

An order directing a verdict cannot be reviewed on appeal from
the judgment unless exception to such order was taken at the
trial.

Appeal from a judgment of the circuit court for Milwaukee
county: Orren T. Williams, Circuit Judge. *Affirmed.*

This action was brought to recover for personal injuries.
The negligence charged is that the motorman so unskilfully
and negligently managed the car of the defendant as to strike
the rear wheel of the vehicle in which the plaintiff was driving,
throwing her forward upon the dashboard and thereby causing
the injury. The answer is substantially a general denial.
The issues involved are the negligence of the defendant, con-
tributory negligence of the plaintiff, and the amount of dam-
ages. At the close of the evidence the court directed a ver-
dict for the defendant on its motion. No objection was made
to this motion on the part of the plaintiff, and no exception

Klotz v. Milwaukee E. R. & L. Co. 144 Wis. 384.

taken to the order granting it at the time it was granted or during the trial. The bill of exceptions does not show any exception, but it seems that after the trial an exception was filed which appears in the record and which it is stipulated may be treated as an exception after trial. Judgment was entered dismissing the plaintiff's complaint with costs, from which this appeal was taken.

*Harry M. Silber,* for the appellant.

For the respondent there was a brief by *Van Dyke, Rosecrantz, Shaw & Van Dyke,* and oral argument by *James D. Shaw.*

KERWIN, J. An order directing a verdict cannot be reviewed in the absence of an exception to such order. *Miller v. Kenosha E. R. Co.* 135 Wis. 68, 71, 115 N. W. 355; *Beebe v. M., St. P. & S. S. M. R. Co.* 137 Wis. 269, 118 N. W. 108; *Holum v. C., M. & St. P. R. Co.* 80 Wis. 299, 50 N. W. 99. That is the only order attempted to be reviewed here. No exception was filed in the instant case until after trial, and such exception is not sufficient. *Jenks v. State,* 17 Wis. 665; *Firmeis v. State,* 61 Wis. 140, 20 N. W. 663; *Adams v. McKay,* 63 Wis. 404, 23 N. W. 575. It follows that we cannot review the order directing a verdict.

*By the Court.*—The judgment of the court below is affirmed.