BARNUM et al., Appellants, v. CHAMBERLAIN LAND &
LOAN CO., Respondent.

(147 N. W. 647.)

1. **Appeal—Error—Directed Verdict—Review—Necessity of Exception—Record of Exception.**

Error in directing a verdict for defendant is not reviewable
by the Supreme Court, unless an exception to such ruling is
shown in a bill of exceptions or by a "settled record" under
the present practice.

2. **Error—Exception, Preservation of—"Order"—"Decision"—"Involving Merits".**

Under Code Civ. Proc., Sec. 463, authorizing review by Su-
preme Court of any intermediate order or determination which
"involves the merits and necessarily affects the judgment,"
and which appears of record, whether excepted to or not, Sec.
293, defining the orders that are deemed to have been ex-
cepted to, Sec. 548, defining an order, and Sec. 276, defining a
decision, held, that nothing in either of said sections applies
to the directing of a verdict by trial court, the directing of
verdict not being an order, or a decision; nor is it a determi-
nation, within the meaning of said sections. Held, further,
that the direction of a verdict does not appear as part of the
record "proper".

(Opinion filed June 1, 1914.)

Appeal from Circuit Court, Tripp County. Hon. WIL-
LIAM WILLIAMSON, Judge.

Action by E. L. Barnum and another, as co-partners, against
the Chamberlain Land and Loan Company, to recover a commis-
sion on a land sale. From a judgment for defendant entered up-
on a directed verdict, plaintiffs appeal. Affirmed.

*O. D. Olmstead, E. O. Patterson,* and *W. J. Hooper,* for Ap-
pellants.

*Doherty & Talbot,* and *Brown & Brown,* for Respondent.

No exception to the direction of the verdict was taken, and
error in the charge of the court cannot be considered in the ab-
sence of an exception. Peterson v. Siglinger, 3 S. D., 255.

Code Civ. Proc. Section 463, does not dispense with the neces-
sity of taking an exception to the action of the court in directing
a verdict. De Landrecie v. Peck, 48 N. W. 342; Beebe v. Ry. Co.,
118 N. W. 808. Nor does Code Civ. Proc. Section 293 dispense
with the necessity of taking an exception to the direction of a

verdict.    Stewart v. Oregon Short Line R. Co., 117 Pac. 465, (Utah.)

POLLEY, J.    Action to recover balance claimed to be due as commission on sale of real property:

At the close of Appellant's evidence, the court directed a verdict for defendant.    This action on the part of the court is assigned as error, but appellant failed to take any exception thereto at the trial, and it is contended by respondent that, because of the absence of such exception, the said error, if any, is not reviewable by this court; and, in support of such contention, cites the following cases:    Peterson v. Siglinger, 3 S. D. 255, 52 N. W. 1062; Beckwith v. Dierks Lumber & Coal Co., 75 Neb. 349, 106 N. W. 442; Warner v. Sohn, 85 Neb. 571, 123 N. W. 1054; De Lendrecie v. Peck, 1 N. D. 422, 48 N. W. 342; McNab v. Northern P. R. Co., 12 N. D. 568, 98 N. W. 353; Kephart v. Continental Casualty Co., 17 N. D. 380, 116 N. W. 349; Holum v. Chicago, M. & St. P. Ry. Co., 80 Wis. 299, 50 N. W. 99; Klotz v. Milwaukee E. R. & L. Co., 144 Wis. 384, 129 N. W. 524; Beebe v. Minneapolis, St. P. & S. S. M. Ry. Co., 137 Wis. 269, 118 N. W. 808.    Section 463 Code Civ. Proc., is as follows:

§463: "Upon an appeal from a judgment, as well as upon a writ of error, the supreme court may review any intermediate order or determination of the court below which involves the merits and necessarily affects the judgment, appearing upon the record transmitted or returned from the circuit court, whether the same were excepted to or not; nor shall it be necessary in any case to take any exception or settle any bill of exceptions to enable the supreme court to review any alleged error which would, without a bill of exceptions, appear upon the face of th record. Any questions of fact or of law, decided upon trials by the court or by referee, may be reviewed when exceptions to the findings of fact have been duly taken by either party and returned."

§293: "The verdict of the jury, the final decision in an action or proceeding, an interlocutory order or decision finally determining the rights of the parties, or some of them, an order granting or refusing a new trial, an order sustaining or overruling a demurrer, allowing or refusing to allow an amendment to a pleading, striking out a pleading or a portion thereof, refusing a

continuance, an order made upon ex parte application, and an order or decision made in the absence of a party, are deemed to have been excepted to."

The codes of Wisconsin and North Dakota contain sections identical with our section 463, but it is held that these provisions: "Have no application to rulings and determinations of the court which do not become a part of the record proper. If they are of such a character that it is necessary to settle a bill of exceptions in order to make them of record, they are not reached by the statute. Unless excepted to they cannot properly be inserted in the bill; otherwise we might have a bill of exceptions without exceptions which is an absurdity." Kirch v. Davies, 55 Wis. 287, 11 N. W. 689.

The action of the court of which appellant complains does not appear as a part of the record "proper" but can only be shown by a bill of exceptions or by a "settled record" under our present practice. Neither is the action of the court in directing a verdict an order or decision. An order is defined by §548, and a decision by §§ 276-'7, but nothing found in either of these sections could have any application to the action of a trial court in the direction of a verdict, nor can it be held to be a determination.

"Such a construction would lead to the doctrine that every erroneous and prejudicial ruling upon a trial could be reviewed without an exception, as it would involve the merits and necessarily affect the judgment. A defendant, who admitted the making of an oral contract, void under the statute of frauds, and who relied solely upon its invalidity, could review, without exception, an erroneous ruling upon the trial admitting parol evidence of such an agreement, for this would involve the merits and necessarily affect the judgment. The result of this doctrine would be that we would have a bill of exceptions without the necessity of any exceptions in it, and the phrase 'errors of law occurring at the trial' would cease to have any distinctive significance." De Lendrecie v. Peck, supra.

The construction put upon the various sections of the code by the North Dakota court meets with our approval, and the alleged error cannot be reviewed by this court unless excepted to.

This necessarily disposes of appellant's assignment, and the judgment appealed from must be affirmed.