Argued March 2, affirmed March 15, rehearing denied April 12, 1921.

## BAILEY *v.* SECURITY INS. CO.

(196 Pac. 252.)

**Appeal and Error—Exception must be Taken to Instruction Directing Verdict.**

1. The provisions of Section 172, Or. L., that no exception need be taken or allowed to any decision on a matter of law when entered in the journal or made wholly upon matters in writing and on file in the court are without application to peremptory instruction of a trial judge directing the jury to return a particular verdict in a given case; it having been the practice to review such

rulings when the validity of the order has been challenged by exceptions duly saved and preserved of record.

**Appeal and Error—Exception to Directed Verdict Necessary.**

2. To review the giving of a peremptory instruction to find for plaintiff, an exception must have been taken in lower court.

**Appeal and Error—Error Legally Objected and Excepted to Alone Constitutes Ground for Reversal.**

3. It is not simply error, but error legally excepted to, that constitutes ground for reversal, and, except as provided by Section 172, Or. L., the errors relied on to reverse the rulings of the lower court must be raised by appropriate objections and exceptions interposed on trial.

From Jackson: Frank M. Calkins, Judge.

Department 1.

This is an appeal by the plaintiff, I. W. Bailey, from a judgment upon a directed verdict against the Security Insurance Company, a corporation, defendant and respondent. Plaintiff sued the defendant for $1,050 on a standard fire insurance policy. The complaint contained the usual averments in actions of this nature, including an allegation as to the ownership of the property. The defendant, by way of an affirmative defense, set up the provisions of the policy wherein it is made void in the event the assured is not the sole and unconditional owner of the insured property or is not the owner in fee simple of the ground on which the insured building is situate, and averred that the plaintiff was not such owner. The plaintiff further alleged that defendant insurance company, through its agent, "in an attempt to avoid the payment of said loss * * , falsely accused plaintiff of * * burning said property, and that for the reason that, defendant had thus assumed to fix and determine * * the time and origin of said fire, the plaintiff did not make out or present to said defendant such sworn

---

2. Necessity of taking exception to directed verdict, see note in Ann. Cas. 1917A, 849.

statement, as provided by the policy; that defendant
by the act of its agent waived the requirement as
embodied in said policy, and that plaintiff was legally
excused from that provision of said insurance policy.''
The defendant admitted that the plaintiff did not at
any time present to defendant the sworn statement
commonly called proof of loss required by the stat-
utory policy.

Testimony was offered at the trial, proving the
destruction of the property, together with evidence of
the ownership of the land upon which the building
was situate, also as to plaintiff's examination by the
legally constituted authorities, at which examination
it appears that defendant's agent was present. At
the conclusion of the testimony upon the part of
plaintiff and defendant, the record shows the follow-
ing colloquy:

''Mr. Phipps: At this time, I ask your Honor for a
directed verdict. * * Pardon me, I didn't prove my
attorney's fees in this case. May I open it up for
that? * *

''The Court: Then the case is rested, is it?

''Mr. Phipps: Yes, your Honor.

''The Court: Now you want your motion for a
directed verdict?

''Mr. Phipps: Yes, your Honor. *Now I move for
a directed verdict at this time.*

''The Court: Are you [Mr. Veazie] satisfied to let
it stand as it is? Do you wish to be heard on the
subject?

''Mr. Veazie: * * I don't know that we are in the
same position as to what our motion would be for a
verdict. * * We will ask to be heard later on a mo-
tion.

''The Court: Well, it seems rather unfair to ask
the court to go and hunt up the authorities.

''Mr. Veazie: I think I should make some state-
ment,—I think, as far as the action goes for the per-

sonal property, that we would not dispute that plaintiff could recover for his personal property on the terms of the policy, that is, so far as the insured value is concerned and there is no evidence, and the only evidence as to value is the evidence of the plaintiff's wife; there is no dispute there, but there will be two questions up and one is that there is no proof of loss, and the other is no waiver shown, and the other is as to the * * title to the real property. * *

"The Court: Do you concede that the plaintiff was entitled to $150?

"Mr. Veazie: No; I don't concede that, because there was no proof of loss and no waiver of it.

"The Court: Then you don't concede he is entitled to anything?

"Mr. Veazie: No.

"The Court: I thought from the way you spoke you were willing to concede that he was entitled to the personal property.

"Mr. Veazie: So far as that is concerned, I will say this: We are willing to pay him for it right now. * *

"The Court: Well, the court wants to know what to do. If you are willing to concede $150, then in any event I can instruct the jury to return a verdict for $150, but if you are not willing I will take up that phase of it, as well as the other. * *

"Mr. Veazie: We will concede a verdict of $150.

"The Court: Then it only leaves a question * * of the validity of the insurance for $900 on the house?

"Mr. Veazie: Yes. We are willing to submit what authorities we have on the subject, and we would be glad to submit those.

"The Court: I would be glad to receive those which you have and would like to look up the question to the sole ownership. * *

"The Court: I believe, Mr. Veazie, you asked to amend your answer in some respect.

"Mr. Veazie: I asked to amend our answer to conform with the facts shown by these deeds * * .

"Mr. Phipps: Yes, your Honor, * * I have no objection to his amending the answer to that effect.

"The Court: Gentlemen, you will be called upon to find a verdict by direction of the court; the verdict is as follows:

" 'We, the jury in the above-entitled cause, find for the plaintiff in the sum of one hundred and fifty dollars by direction of the court.' "

The plaintiff assigns error as follows:

"The Court erred:

"In failure to direct a verdict in accordance with the demands of plaintiff's complaint.

"In directing a verdict in favor of plaintiff for $150 only.

"In its instruction to the jury and in directing said verdict * * that the plaintiff was not the sole and unconditional owner of the insured property.

"In failing to instruct the jury that plaintiff was the sole and unconditional owner in fee simple of the insured property and entitled to a verdict and judgment for the full amount sued for.

"In failing to direct a verdict for legal interest upon the amount of $1,050 from the sixth day of June, 1919.

"In instructing the jury that the plaintiff was not entitled to a reasonable attorney's fee.

"In that it did not instruct the jury to return a verdict for the full sum of $1,050 together with interest thereon at the rate of 6 per cent per annum from the sixth day of June, 1919, and the further sum of $150, reasonable attorney's fees.

"In entering judgment for the sum of $150 only."

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. W. E. Phipps.*

For respondent there was a brief over the names of *Messrs. Veazie & Veazie* and *Mr. F. P. Farrell,* with an oral argument by *Mr. J. C. Veazie.*

BROWN, J.—1, 2. The plaintiff assigns a number of errors relating to the failure of the court to give to the jury certain instructions, but the plaintiff has not presented a record whereby this court is authorized by law to review the proceedings complained of. We have searched the record brought from the lower court, for the purpose of ascertaining and reviewing the alleged errors of the trial court. No exceptions are disclosed. Our Code thus defines the term "exception."

"An exception is an objection taken at the trial to a decision upon matter of law, whether such trial be by jury or court, and whether the decision be made during the formation of a jury, or in the admission of evidence, or in the charge to the jury, or at any other time from the calling of the action for trial to the rendering of the verdict or decision * * ": Section 169, Or. L.

"No particular form of exceptions shall be required. The objection shall be stated, with as much evidence, or other matter, as is necessary to explain it, but no more; provided, however, that the bill of exceptions may consist of a transcript of the whole testimony and all the proceedings had at the trial, including the exhibits offered and received or rejected, the instructions of the court to the jury, and any other matter material to the decision of the appeal": Section 171, Or. L.

" * * No exception need be taken or allowed to any decision upon a matter of law, when the same is entered in the journal, or made wholly upon matters in writing and on file in the court": Section 172, Or. L.; *Montague O'Reilly Co.* v. *Town of Milwaukie,* 193 Pac. 824 (not yet officially published).

The provisions of the foregoing section (Section 172) have no application to the peremptory instruction of a trial judge when directing the jury to return a particular verdict in a given case. It has

been the practice to review the rulings of the trial court when directing a nonsuit or a verdict, when the validity of such order has been challenged by an exception duly saved and preserved of record. The ruling of the trial judge upon motion for a directed verdict is not a decision "upon a matter of law * * entered in the journal or made wholly upon matters in writing and on file in the court." Such a construction would lead to the doctrine that every erroneous and prejudicial ruling upon a trial could be reviewed without an exception, as it would involve a decision upon a matter of law and necessarily affect the judgment. In discussing the harmful results that would flow from a practice permitting review on appeal without the necessity of saving an exception at the trial, the court, in the case of *Barnum* v. *Chamberlain Land & Loan Co.,* 34 S. D. 137 (147 N. W. 647, Ann. Cas. 1917A, 848), wrote that:

"A defendant, who admitted the making of oral contract, void under the statute of frauds, and who relied solely upon its invalidity, could review, without exception, an erroneous ruling upon the trial admitting parol evidence of such an agreement, for this would involve the merits and necessarily affect the judgment. The result of this doctrine would be that we would have a bill of exceptions without the necessity of any exceptions in it, and the phrase 'errors of law occurring at the trial' would cease to have any distinctive significance."

On the general proposition that, in order to save for review the direction of a verdict by the court, an exception must be taken at the trial, see the following authorities cited in *Barnum* v. *Chamberlain Land & Loan Co.,* 34 S. D. 137 (147 N. W. 647, Ann. Cas. 1917A, 848); *Peterson* v. *Siglinger,* 3 S. D. 255

(52 N. W. 1062); *Beckwith* v. *Dierks Lumber Co.,* 75
Neb. 349 (106 N. W. 442); *Warner* v. *Sohn,* 85 Neb.
571 (123 N. W. 1054); *De Lendrecie* v. *Peck,* 1 N. D.
422 (48 N. W. 342); *McNab* v. *Northern Pac. R. Co.,*
12 N. D. 568 (98 N. W. 353); *Kephart* v. *Continental
Casualty Co.,* 17 N. D. 380 (116 N. W. 349); *Holum*
v. *Chicago etc. R. Co.,* 80 Wis. 299 (50 N. W. 99);
*Klotz* v. *Milwaukee Electric R. Co.,* 144 Wis. 384 (129
N. W. 524); *Beebe* v. *Minneapolis R. Co.,* 137 Wis.
269 (118 N. W. 808).

The authors of 6 Ency. of Pl. & Pr. announce the
rule:

"Where no exception is taken to the direction of
a verdict, its propriety cannot be considered on
appeal."

3. It is an elementary principle of law governing
appeals that it is not error simply, but error legally
excepted to that constitutes ground for reversal.
Except as provided by Section 172, Or. L., the errors
relied upon for the purpose of reviewing the rulings
of the lower court must be raised by appropriate
objections and exceptions interposed on the trial.

In the case of *Casto* v. *Murray,* 47 Or. 57, 59 (81
Pac. 388, 883), this court said:

"If either party require it, the charge of the court
must be given in writing, and when so given it must
also be filed with the clerk (B. & C. Comp., § 132,
subd. 6, [Or. L., § 132, subd. 6]), and, being so filed, it
becomes a part of the record in the case. Oral in-
structions apparently were not designed to be thus
incorporated in the record. It is the office of the bill
of exceptions to embody a statement of the events
and holdings of the court during the progress of the
trial and in the submission of the cause to the jury,
and it is only by this method that a record of the
trial is made up. All matters not otherwise required

by law to be made a part of the files and record in the case are required thus to be certified, or else the appellate court cannot take cognizance of them: *Farrell* v. *Oregon Gold Co.*, 31 Or. 463, 473 (49 Pac. 876), and cases cited."

The history of the trial of this case, as shown by the record, is one of perfect accord between the plaintiff and the court as to all rulings. The plaintiff moved the court for a directed verdict. The motion was oral. No form of verdict was suggested to the court. After discussion, the court peremptorily instructed the jury to return a verdict in the sum of $150. No objection was interposed and no exception saved.

It is the established law of this state that an erroneous ruling by the trial court on a motion for a directed verdict in a civil case is an error in law and must be excepted to or it will not be reviewed on appeal.

There being nothing before this court to review, we are required by law to affirm the judgment of the court below.    AFFIRMED.    REHEARING DENIED.

BURNETT, C. J., and McBRIDE and HARRIS, JJ., concur.